**Ronald Wilcox #176601**
**2160 The Alameda, First Floor, Suite F**
**San Jose, CA 95126**
**Tel: (408) 296-0400**
**Fax: (408) 296-0486**

**Lance Raphael**
**Allison Krumhorn**
**Consumer Advocacy Center, P.C.**
**180 West Washington, Suite 700**
**Chicago, IL 60602**
**Tel: (312) 782-5808**
**Fax: (312) 377-9930**
**(Not admitted to practice in California)**

**Brian L. Bromberg**
**Brian L. Bromberg, P.C.**
**40 Exchange Place, Suite 2010**
**New York, NY 10005**
**Tel: (212) 248-7906**
**Fax: (212) 248-7908**
**(Admitted pro hac vice)**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **Elizabeth Trevino and Yadira Rios, on behalf of Themselves and all others similarly situated,** | ) **Case No. 05-cv-239-JF- HRL** |
| | ) |
| | ) **Plaintiffs' Notice of Motion and** |
| **Plaintiffs,** | ) **Memorandum in Support of Motion** |
| | ) **to Compel Written Discovery from** |
| **v.** | ) **Hilco Receivables, LLC** |
| | ) |
| **ACB American, Inc., Hilco Receivables, LLC, B. Masters and K. Francis,** | ) **Hon. Howard R. Lloyd** |
| | ) **280 South 1ˢᵗ St** |
| | ) **San Jose, CA 95113** |
| **Defendants.** | ) **Date: January 24, 2006** |
| | ) **Time: 10:00 a.m.** |

*The Scope of Permissible Discovery*

1

Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party…."[1]  Information that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery.[2]  A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action.[3]

A party may object to a request if it is "overly broad" or "unduly burdensome."[4]  But to assert a proper objection on this basis, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad."[5]  Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."[6]

The objecting party may not leave it to the court to "sift each interrogatory to determine the usefulness of the answer sought."[7]  To the contrary, the claims in the complaint define the

---

[1]      Fed.R.Civ.P. 26(b)(1).

[2]      *See Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y. 1998).

[3]      *See id.*

[4]      8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2174, at 297 (2d ed. 1994).

[5]      *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984).

[6]      *Id.* (internal citations and question marks omitted).

[7]      *Id.*

liberal guidelines for determining the relevance of the discovery requests, and the burden is on

the party resisting discovery to clarify and explain its objections and to provide support for those

objections.[8]

### *Interrogatories[9]*

**<u>General Objections</u>** – Defendants' general objections will not be addressed because they are

inappropriate under the Federal Rules of Civil Procedure.[10]

**<u>Interrogatory No. 3</u>**: Identify by caption, court, civil action number, and result all litigation filed against you
alleging violations of the Fair Debt Collection Practices Act or state law equivalent similar to the instant case.

**<u>Response to Interrogatory No. 3</u>**: Objection.  This interrogatory is overbroad and unduly burdensome, as it seeks
information irrelevant to the issues framed by the pleadings at bar.  Whether or not a third party instituted litigation
against this Defendant, and the outcome of such litigation, has no relevance whatsoever to the claims and defenses
before the court in the instant action.  Even if Plaintiffs could somehow show the relevance of other, unrelated
litigation, this interrogatory would still be unduly burdensome, since such information would be a matter of public
record and readily obtainable by Plaintiffs without necessity of written discovery to Defendant.

---

[8]     *Id.*

[9]     Attached as exhibits are copies of Plaintiffs' written discovery requests (<u>Exhibit A</u>), and Hilco's
interrogatory responses (<u>Exhibit B</u>), requests for admission responses (<u>Exhibit C</u>), requests for production responses
(<u>Exhibit D</u>), and supplemental responses to requests for production (<u>Exhibit E</u>).  The following documents are not
being submitted to the Court at this time because they contain personal identifying information that may allow
identity theft: <u>Exhibit E</u>, Bates-stamped documents H00063-H00065, produced by Defendant Hilco.  Plaintiff may
produce these documents at oral argument or file them under seal.

[10]     *See Obiajulu v. City of Rochester, Department of Law*, 166 F.R.D. 293 (W.D.N.Y. 1996):

> Such pat, generic, non-specific objections, intoning the same boilerplate language, are
> inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An
> objection to a document request must clearly set forth the specifics of the objection and
> how that objection relates to the documents being demanded. The burden is on the party
> resisting discovery to clarify and explain precisely why its objections are proper given the
> broad and liberal construction of the discovery rules found in the Federal Rules of Civil
> Procedure.

> *Id*. at 295 (citations omitted).  *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497-98 (D. Kan.
> 1998) (A general preliminary objection to "to the extent it may apply to particular requests for
> discovery" is "worthless" and does not effectively assert an objection.); *Chubb Integrated Systems
> v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (A burdensome objection "must
> show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting
> affidavits or offering evidence which reveals the nature of the burden."); *Josephs v. Harris Corp.*,
> 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that [an] interrogatory was
> overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful
> objection to an interrogatory.")  *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-
> 94 (W.D.N.Y. 1966) (blanket objections are insufficient).

Further objection of the grounds that this interrogatory, as phrased is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25 interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects. (*See*, Rule 33, Advisory Committee Notes, 1993 Amendments.)

**Plaintiff's Discussion**: Plaintiff's discovery demand is well in line with a series of decisions by District of Connecticut Magistrate Judge Thomas P. Smith allowing discovery of complaints going back as many as five years.

In an October 23, 2002 decision in *Ahern v. Transunion, LLC*,[11] the Court compelled production of "all judgments, court opinions, complaints, and consent orders concerning Transunion's practices under the FCRA [Fair Credit Reporting Act] in or after the year 1997."[12] In so doing, the court reasoned that the request was "not overbroad, vague, ambiguous or unduly burdensome; nor is the requested information not reasonably calculated to lead to the discovery of admissible evidence."[13]  "The material sought is clearly relevant to the state of mind with which Transunion acted. It is also relevant to whether Transunion alleged statutory violations occurred after it had actual notice that its practices were actionable.   While it may be burdensome to require Transunion to compile and permit discovery of the various legal complaints and judgments against it from 1997 to the present, surely these documents are not so voluminous that it is an unconscionable or unfair burden for defendant to shoulder."[14]

In an October 17, 2002 decision in *Pullen v. Arrow Financial Services, LLC*,[15] the Court directed production of "all judgments, court opinions, complaints and consent orders relating to

---

[11]     No. 01CV2313, 2002 WL 32114492 (D.Conn. October 23, 2002).

[12]     *Id*. at 4.

[13]     *Id*.

[14]     *Id*.

[15]     No. 01CV647, 2002 WL 32864712 (D.Conn. October 17, 2002).

the defendant's acts and practices 'regarding insufficient funds checks in or after 2000.'"[16]  The

Court found the defendant's objections to be "dilatory and unmeritorious" and imposed legal

fees.[17]

In sum, this evidence goes to establishing Defendants' credibility, pattern and practice,

the frequency and persistence of noncompliance, the nature of such noncompliance, and the

number of persons adversely affected, and the extent to which the Defendants' noncompliance

was intentional.  In addition, this interrogatory goes directly to whether Defendants' "bona fide

error" defense is valid.

**Interrogatory No. 4**: Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications.

**Response to Interrogatory No. 4**: Objection.  This request is compound.  This request also seeks attorney work product.

**Plaintiff's Discussion**: Defendants' claim that this interrogatory is compound or somehow

requests attorney work product is absurd.  Plaintiff is really asking for nothing more than what is

required to be provided as a matter of course under the Federal Rules of Civil Procedure.

Defendants have an obligation to disclose expert witness testimony under Federal Rule of Civil

Procedure 26(a)(2).

**Interrogatory No. 7**: Describe, step by step, the process taken to investigate Plaintiffs' accounts, including, without limitation, the steps taken to review and investigate the bases for the debt.  In doing so, identify: (a) all individuals and entities who were involved in performing the review/investigation; (b) all individuals and entities contacted during the course of the review/investigation; (c) all documents produced to you during the course of the review/investigation; and (d) all documents maintained by you and/or produced to you concerning the review/investigation.

**Response to Interrogatory No. 7**: Objection to the extent that this interrogatory calls for disclosure of information protected by the attorney-client and/or attorney work-product privileges.  Further objection on the grounds that this interrogatory, as phrased is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25 interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, Rule 33, Advisory Committee Notes, 1993 Amendments.)

---

[16]        *Id*. at *6.

[17]        *Id*. at *6.

Without waiving these objections, this Defendant responds as follows: This Defendant has no involvement in the Rios account.  As to the Trevino account, this Defendant purchased it (with other accounts) from the creditor, MBNA.  Upon acquisition of the account, MBNA provided information to Defendant (which this Defendant received and reviewed) concerning the nature of the debt, (consumer/credit card), the amount of the debt, the status of the debt, and last known contact information for the debtor.

**Plaintiff's Discussion**: Hilco has identified information allegedly provided by MBNA when Hilco purchased Plaintiff's account.  Under the requests for production served simultaneously, Hilco must provide the documents containing "information…MBNA provided concerning the nature of the debt (consumer/credit card), the amount of the debt, the status of the debt, and last known contact information for the debtor."

**Interrogatory No. 14**: Identify any deposition of any of your personnel taken in the last 5 years in conjunction with a Fair Debt Collection Practices Act lawsuit against you or any of your employees.  By "identify" we mean that you can provide us with the court caption and the name of the deponent and the name, address, and phone number of the attorney who took the deposition.

**Response to Interrogatory No. 14**: Objection to the extent that this interrogatory calls for disclosure of information protected by the attorney-client and/or attorney work-product privileges.  Further objection on the grounds that this interrogatory, as phrased is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25 interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, Rule 33, Advisory Committee Notes, 1993 Amendments.)

Further objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks information irrelevant to the issues framed by the pleadings at bar.  Whether or not Defendant's employees were deposed in another action, and information relating to such deposition or action, has no relevance whatsoever to the claims and defenses at bar, which also makes this interrogatory unduly burdensome.

**Plaintiff's Discussion**: This is not a complicated matter.  If depositions have been taken of Hilco personnel within the past five years, then they should be produced.  Requiring Plaintiff to make this motion is an abuse of process and a waste of judicial resources.

Furthermore, this is well in line with a series of decisions by District of Connecticut Magistrate Judge Thomas P. Smith allowing discovery of complaints going back as many as five years.  Thus, in an October 23, 2002 decision in *Ahern v. Transunion, LLC*,[18] the Court compelled production of "all judgments, court opinions, complaints, and consent orders concerning Transunion's practices under the FCRA [Fair Credit Reporting Act] in or after the

---

[18] No. 01CV2313, 2002 WL 32114492 (D.Conn. October. 23, 2002).

year 1997."  In so holding, the court reasoned that the request was "not overbroad, vague, ambiguous or unduly burdensome; nor is the requested information not reasonably calculated to lead to the discovery of admissible evidence."  "The material sought is clearly relevant to the state of mind with which Transunion acted. It is also relevant to whether Transunion alleged statutory violations occurred after it had actual notice that its practices were actionable.  While it may be burdensome for to require Transunion to compile and permit discovery of the various legal complaints and judgments against it from 1997 to the present, surely these documents are not so voluminous that it is an unreasonable or unfair burden for defendant to shoulder."

And in an October 17, 2002 decision in the FDCPA case of *Pullen v. Arrow Financial Services, LLC*,[19] the Court directed production of "all judgments, court opinions, complaints and consent orders relating to the defendant's acts and practices 'regarding insufficient funds checks in or after 2000.'"[20]  The Court found the defendant's objections to be "dilatory and unmeritorious" and imposed legal fees.[21]

In sum, this evidence goes to establishing Defendants' credibility, pattern and practice, the frequency and persistence of noncompliance, the nature of such noncompliance, and the number of persons adversely affected, and the extent to which the Defendants' noncompliance was intentional.  In addition, this interrogatory goes directly to whether Defendants' "bona fide error" defense is valid.

**Interrogatory No. 15**: State the name that your organization uses to identify itself, whether such names are registered with any official and the date and place of such registration.

**Response to Interrogatory No. 15**: Objection on the grounds that this interrogatory is compound in violation of FRCP 33(a), which prohibits the inclusion as "subparts" questions which seek information about discrete, separate

---

[19] No. 01CV647, 2002 WL 32864712 (D.Conn. October. 17, 2002).

[20] *Id.* at *6.

[21] *Id.* at *6.

subjects.  Without waiving these objections, this Defendant responds to the first subject of inquiry, which is as follows: Hilco Receivables, LLC.

**Plaintiff's Discussion**: This interrogatory is not compound.  The inquiry concerning where and under what names Hilco is registered is relevant to two inquiries: (a) whether Hilco is shuffling names, and (b) Hilco's net worth.  In registering with state and local authorities, debt collectors are frequently required to publicly file financial information that may have a bearing on net worth and gross annual sales.  Here, as in every FDCPA class action for statutory damages, net worth and class size are the two most important realms of inquiry because class action statutory damage recoveries under the FDCPA are capped at one percent of the debt collector's net worth.[22]

**Interrogatory No. 17**: State the number of persons in California and across the United States who were sent a letter, in the form of Exhibit B to Plaintiff's Complaint in the year prior to the filing of this action through the present, against whom litigation or an arbitration proceeding has been commenced by you.

**Response to Interrogatory No. 17**: Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  The putative class alleged in the Complaint is limited to California residents who received the challenged letter(s) within one year prior to the filing of the Complaint in this action.  Moreover, whether this Defendant pursued arbitration or litigation is irrelevant to the issues framed by the pleadings at bar, as it cannot be directly or vicariously liable for any violation of the FDCPA arising from the challenged letters, as a matter of law.  This request is also vague & ambiguous.
     Without waiving these objections, this Defendant responds that it did not send the Exhibit B letter(s).

**Plaintiff's Discussion**: Hilco's response is evasive.  The question is not whether Hilco sent Exhibit B but the number of persons to whom a letter was directed and against whom Hilco, directly or indirectly, commenced arbitration proceedings.  Presumably, Hilco would have to authorize any arbitration or litigation proceeding.  Plaintiff seeks to establish whether Hilco takes the acts it impliedly threatens to take.

**Interrogatory No. 18**: State the number of persons in California and across the United States who were sent a letter, in the form of Exhibit C to Plaintiffs' Complaint in the year prior to the filing of this action through the present, against whom litigation or an arbitration proceeding has been commenced by you.

**Response to Interrogatory No. 18**: Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  The putative class alleged in the

---

[22] *See* 15 U.S.C. § 1692k.

Complaint is limited to California residents who received the challenged letter(s) within one year prior to the filing of the Complaint in this action.  Moreover, whether this Defendant pursued arbitration or litigation is irrelevant to the issues framed by the pleadings at bar, as it cannot be directly or vicariously liable for any violation of the FDCPA arising from the challenged letters, as a matter of law.  This request is also vague & ambiguous.

 Without waiving these objections, this Defendant responds that it did not send the <u>Exhibit C</u> letter(s).

**<u>Plaintiff's Discussion</u>**: Hilco's response is evasive.  The question is not whether Hilco sent

<u>Exhibit C</u> but the number of persons to whom a letter was directed and against whom Hilco,

directly or indirectly, commenced arbitration proceedings.  Presumably, Hilco would have to

authorize any arbitration or litigation proceeding.  The debt collector was ordered to answer a

similar question in *Yancey v. Hooten*.[23]

**<u>Interrogatory No. 19</u>**: State the number of persons in California and across the United States who were sent a letter, in the form of <u>Exhibits D & E</u> to Plaintiffs' Complaint in the year prior to the filing of this action through the present, against whom litigation or an arbitration proceeding has been commenced by you.

**<u>Response to Interrogatory No. 19</u>**: Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  The putative class alleged in the Complaint is limited to California residents who received the challenged letter(s) within one year prior to the filing of the Complaint in this action.  Moreover, whether this Defendant pursued arbitration or litigation is irrelevant to the issues framed by the pleadings at bar, as it cannot be directly or vicariously liable for any violation of the FDCPA arising from the challenged letters, as a matter of law.  This request is also vague & ambiguous.

 Without waiving these objections, this Defendant responds that it did not send the <u>Exhibits D & E</u> letter(s).

**<u>Plaintiff's Discussion</u>**: Hilco's response is evasive.  The question is not whether Hilco sent <u>Exhibits D and E</u> but the number of persons to whom a letter was directed and against whom Hilco, directly or indirectly, commenced arbitration proceedings.  Presumably, Hilco would have to authorize any arbitration or litigation proceeding.

**<u>Interrogatory No. 23</u>**: State the number of persons in California and across the Untied States who were sent debt collection letters, in a form similar to the letter attached as <u>Exhibit E</u> to Plaintiff's Complaint, by you or on your behalf in attempt to collect a debt under $500.00 in the year prior to the filing of this action through the present.

**<u>Response to Interrogatory No. 23</u>**: This request is vague and ambiguous.  Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  The putative class alleged in the Complaint is limited to California recipients of the letters within one year prior to the filing of the Complaint in this action.

 Without waiving these objections, this Defendant responds that it has never sent any letters in the form of Exhibit E during the relevant period.

**<u>Plaintiff's Discussion</u>**: Hilco's response is evasive.  The question is not whether Hilco sent

<u>Exhibit E</u> but the number of persons to whom a letter was directed and against whom Hilco,

---

[23] 180F.R.D. 203 (D.Conn. 1998).

directly or indirectly, commenced legal action in court for debts under $500.00.  Presumably,

Hilco would have to authorize any legal action.

**Interrogatory No. 24**: State the number of persons in California and across the United States whom you caused a legal action to be instituted against for a debt under $500.

**Response to Interrogatory No. 24**: This request is vague and ambiguous.  Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  The putative class alleged in the Complaint is limited to California recipients of the letters within one year prior to the filing of the Complaint in this action.

Without waiving these objections, this Defendant responds that it relies on recommendations from independent agents as to whether legal proceedings are commenced and thus has never caused legal action to be instituted during the relevant time period.

**Plaintiff's Discussion**: Hilco's response is evasive.  Whether Hilco "relies on recommendations

from independent agents" is not relevant to whether Hilco commences legal proceedings.

Information concerning whether Hilco sues on sub-$500 debts is directly relevant to whether

Hilco is making false threats of imminent litigation.

**Interrogatory No. 25**: Identify all correspondence, documents, database entries, or system notes that refer or relate to any communications regarding the Plaintiff Elizabeth Trevino that occurred between you and ACB American, Inc.

**Response to Interrogatory No. 25**: Objection to the extent that this interrogatory calls for disclosure of information and/or documents protected by the attorney-client privilege and/or the attorney work-product privilege.
Without waiving these objections, this Defendant responds that its communications with ACB concerning the Trevino account were limited to the following: Defendant's initial electronic communications to ACB by which it assigned the Trevino account information to ACB, ACB's electronic messages to this Defendant indicating changes in account status, and ACB's electronic message upon cessation of collection efforts/return of the account, both of which are reflected on ACB's collector's notes.

**Plaintiff's Discussion**: Hilco was asked to "identify" the correspondence, etc. and not to state

that Hilco's communications involved broad, general swathes of information.  As Plaintiff's

counsel has explained to Defendants' counsel "To identify" with respect to documents is defined

as follows: "When referring to documents, 'to identify' means to give, to the extent known, the

(i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s),

addressee(s) and recipient(s)."[24]  Defendants' counsel, during "meet and confer" conferences

held on December 6 and 7, 2005, advised that there is only one document and Defendants would

identify it but Defendants have not identified the document to date.

**Interrogatory No. 27**: Identify by date, content, and participants, all communications, both written and oral, between you and ACB American, Inc.

**Response to Interrogatory No. 27**: Objection on the grounds that this interrogatory exceeds the 25-interrogatory limit imposed by FRCP Rule 33(a). This request is overly broad and seeks information not likely to lead to the discovery of admissible evidence. This request also appears to seek information regarding third party and potentially attorney-client communications or attorney work product. With respect to the claim that this seeks more than twenty-five interrogatories, Plaintiff respects permission *nunc pro tunc* to exceed the limit.

**Plaintiff's Discussion**: Hilco was asked to "identify" the correspondence, etc. and not to state

that Hilco's communications involved broad, general swathes of information. As Plaintiff's

counsel has explained to Defendants' counsel "To identify" with respect to documents is defined

as follows: "When referring to documents, 'to identify' means to give, to the extent known, the

(i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s),

addressee(s) and recipient(s)." Defendants' counsel, during "meet and confer" conferences held

on December 6 and 7, 2005, advised that there is only one document and Defendants would

identify it but Defendants have not identified the document to date.

**Interrogatory No. 28**: Describe the authority that you gave ACB American, Inc. to negotiate debts on your behalf.

**Response to Interrogatory No. 28**: Objection on the grounds that this interrogatory exceeds the 25-interrogatory limit imposed by FRCP Rule 33(a). This request seeks information not likely to lead to the discovery of admissible evidence and information which constitutes trade secrets.

**Plaintiff's Discussion**: During the "meet and confer" conferences, Defendants refused to

produce this information but this goes directly to the issue of whether Hilco authorized ACB to

take imminent legal action. With respect to the claim that this seeks more than twenty-five

interrogatories, Plaintiff respects permission *nunc pro tunc* to exceed the limit.

---

[24]     This is the definition adopted by the Eastern and Southern Districts of New York in their Local Civil Rule establishing "Uniform Definitions in Discovery Requests". In these "Uniform Definitions", the district courts manage to say in less than two pages of double-spaced text what litigants frequently stretch out to four or five pages of single space text. Plaintiffs believe that similar uniform definitions should be adopted in this district, whether by local rule or by the individual practices of the various judges and magistrates.

**RFA No. 1**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $100,000.00.

**Response to RFA No. 1**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**Plaintiff's Discussion**: Plaintiff's discussion concerning RFA Nos. 1-9 appears below following RFA No. 9.

**RFA No. 2**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $500,000.00.

**Response to RFA No. 2**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 3**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $1,000,000.00.

**Response to RFA No. 3**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 4**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $10,000,000.00.

**Response to RFA No. 4**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 5**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $15,000,000.00.

**Response to RFA No. 5**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 6**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $20,000,000.00.

**Response to RFA No. 6**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 7**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $30,000,000.00.

**Response to RFA No. 7**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 8**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $40,000,000.00.

**Response to RFA No. 8**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request

seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 9**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $50,000,000.00.

**Response to RFA No. 9**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**Plaintiff's Discussion re RFAs 1-9**: Hilco's responses are evasive.  In *Lucas v. GC Services L.P.*,[25] the court directly addressed this objection and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery largely on the grounds that it is only relevant in the event a class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.
>
> The defendants do not get to determine unilaterally the scope and timing of discovery.  The plaintiffs filed their first motion for class certification on January 30, 2004, one month before propounding discovery regarding the class issues on the defendants.  Yet the defendants did not raise the scope or relevancy of this discovery to the court in the six months preceding the defendants' June 24, 2004 response to the first motion to compel, in the response itself, or in the motion to dismiss filed by the defendants on September 2, 2004.  Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification.  While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[26]

In other words, Hilco bears the burden of moving to stay class discovery, which it has failed to do in the many months this case has been pending.

---

[25]     226 F.R.D. 328 (N.D. Indiana 2004).

[26]     *Id*. at 330-331.

**Documents Produced by Hilco**: After repeated "meet and confer" conferences and requests,

Hilco finally, on or about November 29, 2005, produced documents Bates-stamped H00001-

H00065 that have been heavily redacted.  (A copy is attached as an exhibit to this motion.)

Instead of providing a privilege log to explain the bases for making the redactions, Defendants

provided the following one-line blurb:

> The following documents are redacted to maintain as confidential
> privacy privileged information regarding financial terms of the
> agreement, settlement authority, and work standards that are trade
> secret information which would be detrimental to the parties to the
> agreement if disclosed: H0004-H00006, H00018-00019, H00024-
> 35, H00037-00038, H00040-00042, H00043-00045, H00050-
> 00061, H00065.

By failing to provide a privilege log, Defendants have waived any privilege that might possibly

apply.  Moreover, Defendants have not provided any substantiation for the privilege objection.

They have waived the objection.  A party's unilateral perception does not begin to meet the

stringent standards for confidentiality.[27]  Accordingly, Plaintiff respectfully requests an order

compelling Defendants to produce an un-redacted version of Hilco's "Response to Request for

Production of Documents, Set One."

**RPD No. 1:** All exhibits you intend to introduce at trial.

**Response to RPD No. 1**: Objection.  This request seeks attorney work product.  To the extent this request is
permissible, the documents are attached in the parties' "Initial Disclosures" or attached to the Complaint.  No
documents will be produced.

**Plaintiff's Discussion**: During "meet and confer" conferences held on December 6 and 7, 2005,

Defendants' counsel advised that everything had been turned over with the possible exception of

Hilco's contract with MBNA.  Defendants' counsel was going to check whether the MBNA

---

[27]  *See Baxter Intl., Inc. v. Abbott Labs*, 297 F.3d 544 (7th Cir. 2002), 297 F.3d 544 (7th Cir. 2002), *citing
Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1266 (7th Cir. 1992) (a litigant must do more
than just identify a kind of information and demand secrecy); *DDS, inc. v. Lucas Aerospace Power Transmission
Corp.*, 182 F.R.D. 1, 4 (N.D.N.Y. 1998).

contract had been provided to Plaintiff.  After searching Plaintiff's records, Plaintiff cannot find

a copy and Defendants have not supplemented their responses to include the MBNA contract.

**RPD No. 2:** Copies of all depositions taken of your personnel in connection with Fair Debt Collection Practices actions brought against you.

**Response to RPD No. 2**: Responding party objects to this request on the grounds that it is overbroad and unduly burdensome.  As phrased, the request seeks depositions of persons not involved in this litigation, concerning claims and/or litigation totally independent of an irrelevant to this action.  Moreover, this request is not limited to the time, type of claim, or venue.  Ostensibly, any such deposition testimony would not be relevant to or probative of any of the issues framed by the pleadings in this case, which makes this request nothing more than an improper and unduly burdensome fishing expedition.  Further objection to the extent that this request calls for the disclosure of confidential employee and/or financial information.  This request seeks documents not likely to lead to the discovery of admissible evidence.  No such documents will be produced.

**RPD No. 3:** Copies of all depositions taken of your personnel.

**Response to RPD No. 3**: Responding party objects to this request on the grounds that it is overbroad and unduly burdensome.  As phrased, the request seeks depositions of persons not involved in this litigation, concerning claims and/or litigation totally independent of an irrelevant to this action.  Moreover, this request is not limited to the time, type of claim, or venue.  Ostensibly, any such deposition testimony would not be relevant to or probative of any of the issues framed by the pleadings in this case, which makes this request nothing more than an improper and unduly burdensome fishing expedition.  Further objection to the extent that this request calls for the disclosure of confidential employee and/or financial information.  This request seeks documents not likely to lead to the discovery of admissible evidence.  No such documents will be produced.

**RPD No. 4:** Copies of all depositions taken of your personnel who are individuals consulted in preparing the responses or the interrogatories.

**Response to RPD No. 4**: Responding party objects to this request on the grounds that it is overbroad and unduly burdensome.  As phrased, the request seeks depositions of persons not involved in this litigation, concerning claims and/or litigation totally independent of an irrelevant to this action.  Moreover, this request is not limited to the time, type of claim, or venue.  Ostensibly, any such deposition testimony would not be relevant to or probative of any of the issues framed by the pleadings in this case, which makes this request nothing more than an improper and unduly burdensome fishing expedition.  Further objection to the extent that this request calls for the disclosure of confidential employee and/or financial information.  This request seeks documents not likely to lead to the discovery of admissible evidence.  No such documents will be produced.

**Plaintiff's Discussion concerning RPD Nos. 2-4**: Hilco's response has been rejected by the

courts.  For example, in *Lucas v. GC Services L.P.*,[28] the court directly addressed this objection

and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery
> largely on the grounds that it is only relevant in the event a class is
> certified, even though the defendants did not file a motion to stay

---

[28]      226 F.R.D. 328 (N.D. Indiana 2004).

discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.

The defendants do not get to determine unilaterally the scope and timing of discovery. The plaintiffs filed their first motion for class certification on January 30, 2004, one month before propounding discovery regarding the class issues on the defendants. Yet the defendants did not raise the scope or relevancy of this discovery to the court in the six months preceding the defendants' June 24, 2004 response to the first motion to compel, in the response itself, or in the motion to dismiss filed by the defendants on September 2, 2004. Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification. While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[29]

In other words, Hilco bears the burden of moving to stay class discovery, which it has

failed to do in the many months this case has been pending.

**RPD No. 8:** All of your financial reports for the past three years. The terms financial reports includes, by way of illustration, cash-flow statements, income statements, balance sheets, listings of accounts receivables, firm valuation reports, etc.

**Response to RPD No. 8:** Objection on the grounds that this request is overbroad and unduly burdensome, in that it seeks production of private financial information irrelevant to the Plaintiff's claims at bar and which is not discoverable at this time. No such documents will be produced.

**Plaintiff's Discussion**: Hilco's responses are evasive. In *Lucas v. GC Services L.P.*,[30] the court

directly addressed this objection and dismissed it as follows:

Finally, the defendants have refused to respond to discovery largely on the grounds that it is only relevant in the event a class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.

---

[29]     *Id*. at 330-331.

[30]     226 F.R.D. 328 (N.D. Indiana 2004).

The defendants do not get to determine unilaterally the scope and timing of discovery.  The plaintiffs filed their first motion for class certification on January 30, 2004, one month before propounding discovery regarding the class issues on the defendants.  Yet the defendants did not raise the scope or relevancy of this discovery to the court in the six months preceding the defendants' June 24, 2004 response to the first motion to compel, in the response itself, or in the motion to dismiss filed by the defendants on September 2, 2004.  Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification.  While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[31]

In other words, Hilco bears the burden of moving to stay class discovery, which it has

failed to do in the many months this case has been pending.

**RPD No. 9**: All of your internal reports, memoranda, etc. regarding the use of your collection notices and collection efforts.

**Response to RPD No. 9**: Objection.  This request is vague and ambiguous and lacks foundation.  Responding party does not perform debt collection activities.

**RPD No. 10**: All operations manuals, etc. utilized by you and your staff in the collection of debts or preparing debt collection letters.

**Response to RPD No. 10**: Objection.  This request is vague and ambiguous and lacks foundation.  Responding party does not perform debt collection activities.

**Plaintiff's Discussion concerning RPD Nos. 9 and 10**: These documents are highly relevant.

Faced with similar objections in *Pullen v. Arrow Financial Services, LLC*,[32] the court held that

An examination of the … letter raises a legitimate question concerning the training, if any at all, of the individual who composed it.  The letter also raises a legitimate concern whether anyone employed by the defendant reviewed, thought about, or even read, the letter before it was dispatched to the plaintiff.  The letter bears the letterhead of "Arrow Financial Services LLC" and, therefore, reflects directly on the defendant and its business practices in this federally regulated industry.[33]

---

[31]     *Id*. at 330-331.

[32]     No. 02-CV-647, 2002 WL 32864712 (D.Conn. October. 17, 2002).

Moreover, collection manuals are routinely provided without objection. And if objection is posed, it is not sustained.[34]  And, as set forth above, the boilerplate objections are not properly substantiated or supported, and no log is provided. The issue of processing consumer disputes is directly related to plaintiff's claims and to Defendants' claims of lack of intent and so-called "bona fide error defense."

**RPD No. 13**: All documents transmitted to ACB American, Inc. by you or on your behalf, with regard to Plaintiff Elizabeth Trevino's alleged debt.

**Response to RPD No. 13**: Responding party objects because this request is vague and ambiguous and may even seek attorney-client communications and/or attorney-work product.  Notwithstanding these objections, and without waiving these objections, responding party has no such documents.

**Plaintiff's Discussion**: During "meet and confer" conferences held on December 6 and 7, 2005, Defendants' counsel advised that a form Bates-stamped H00065 and an "ACB document" constitute the response to this RPD.  Plaintiff requests an amended response to narrow the matters in dispute.

**RPD No. 15**: All documents transmitted to you from ACB American, Inc. regarding Plaintiff Elizabeth Trevino's alleged debt.

**Response to RPD No. 15**: Responding party objects because this request is vague and ambiguous and may even seek attorney-client communications and/or attorney-work product.

        Without waiving these objections, this responding party agrees to produce the requested documents, if they exist.

**Plaintiff's Discussion**: During "meet and confer" conferences held on December 6 and 7, 2005, Defendants' counsel advised that a form Bates-stamped H00065 constitutes the response to this RPD.  Plaintiff requests an amended response to narrow the matters in dispute.

**RPD No. 19**: All of your income tax returns for the past two years.

---

[33]     *Id.* at 9.

[34]     *See e.g.., Yancey v. Hooten*, 180 F.R.D. 203, 213 (D. Conn. 1998).

**Response to RPD No. 19**: Objection on the grounds that this request is overbroad and unduly burdensome, in that it seeks the production of non-discoverable, private financial information which is irrelevant to the Plaintiff's claims at bar.  No such documents will be provided.

**Plaintiff's Discussion**: In *Lucas v. GC Services L.P.*,[35] the court directly addressed this objection

and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery largely on the grounds that it is only relevant in the event a class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.
>
> The defendants do not get to determine unilaterally the scope and timing of discovery.  The plaintiffs filed their first motion for class certification on January 30, 2004, one month before propounding discovery regarding the class issues on the defendants.  Yet the defendants did not raise the scope or relevancy of this discovery to the court in the six months preceding the defendants' June 24, 2004 response to the first motion to compel, in the response itself, or in the motion to dismiss filed by the defendants on September 2, 2004.  Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification.  While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[36]

In other words, Hilco bears the burden of moving to stay class discovery, which it has

failed to do in the many months this case has been pending.

**RPD No. 20:** All internal reports, memoranda, and inter-office communications of Hilco Receivables, LLC regarding the use of the collection letters at issue in this case and related collection efforts.

**Response to RPD No. 20**: This request is vague and ambiguous.  Objection to the extent that this request calls for the disclosure of trade secrets, private/confidential financial information of third parties, and/or private employee information.  Objection to the extent that this request calls for the production of documents protected by attorney-client privilege and/or the attorney work-product privilege.  Further objection on the grounds that this request, as phrased, is overbroad and unduly burdensome, as it calls for production of documents patently irrelevant to the

---

[35]     226 F.R.D. 328 (N.D. Indiana 2004).

[36]     *Id*. at 330-331.

issues framed by the pleadings in this case.  Without waiving these objections, responsive, relevant and non-privileged documents regarding Plaintiffs will be produced.

**Plaintiff's Discussion concerning RPD No. 20**: During "meet and confer" conferences held on

December 6 and 7, 2005, Defendants' counsel advised that everything had been turned over.

Plaintiff requests an amended response to narrow the matters in dispute.

**RPD No. 21**: All documents relating to the maintenance of procedures by Hilco Receivables, LLC adopted to avoid violations of the Fair Debt Collection Practices Act.

**Response to RPD No. 21**: Objection to the extent that this request calls for the disclosure of trade secrets, private/confidential financial information of third parties, and/or private employee information.  Objection to the extent that this request calls for the production of documents protected by the attorney-client privilege and/or the attorney work-product privilege.  Further objection on the grounds that this request, as phrased, is overbroad and unduly burdensome, as it calls for production of documents patently irrelevant to the issues framed by the pleadings in this case, since this Defendant did not and does not pursue debt collection and did not direct, supervise, control or ratify any of the collection activities at issue in this matter.  No such relevant, responsive and non-privileged documents exist.

**Plaintiff's Discussion**: Based on Hilco's answer, Plaintiff cannot figure out whether there are

documents responsive to this request.  The issue of whether Hilco is a debt collector is a central

issue in this case.  Hilco has taken the position that it's not a debt collector and therefore nothing

must be produced in response to this RPD.  But Hilco's response begs the basic question of

whether there are documents responsive to this request.

**RPD No. 22**: Copies of all Complaints filed against you alleging violations of the Fair Debt Collection Practices Act identical or similar to those alleged here.  This information is specifically identified as relevant to the determination of damages in Section 1692k.

**Response to RPD No. 22**: Defendants object to this demand upon the grounds that this request is overbroad and unduly burdensome.  As phrased, this request seeks production of documents outside the relevant time period and/or concerning claims by third parties, asserting different claims and different facts.  As phrased, this request also calls for production of complaints asserting claims based on outdated or inapplicable legal standards which have no bearing on the issues to be determined in this matter.  Moreover, to the extent that any such documents exist they are public records and just as easily obtainable by Plaintiffs.  This request seeks documents that are not likely to lead to the discovery of admissible evidence.  No documents will be produced.

**RPD No. 23**: Copies of any Federal Trade Commission opinions or state agency inquiries regarding your collection efforts on time-barred debts.

**Response to RPD No. 23**: Defendants object to this demand upon the grounds that this request is vague, ambiguous, overbroad and unduly burdensome.  As phrased, this request seeks production of documents outside the relevant time period and/or concerning claims by third parties, asserting different claims and different facts.  As phrased, this request also calls for production of documents asserting claims based on outdated or inapplicable legal standards which have no bearing on the issues to be determined in this matter.  Moreover, to the extent that any such

documents exist they are public records and just as easily obtainable by Plaintiffs.  This request seeks documents that are not likely to lead to the discovery of admissible evidence.  No documents will be produced.

**RPD No. 24**: Copies of any private attorney's demand letters or inquiries regarding your collection efforts.

**Response to RPD No. 24**: Defendants object to this demand upon the grounds that this request is vague, ambiguous, overbroad and unduly burdensome.  As phrased, this request seeks production of documents outside the relevant time period and/or concerning claims by third parties, asserting different claims and different facts.  As phrased, this request also calls for production of documents asserting claims based on outdated or inapplicable legal standards which have no bearing on the issues to be determined in this matter.  Moreover, to the extent that any such documents exist they are public records and just as easily obtainable by Plaintiffs.  This request seeks documents that are not likely to lead to the discovery of admissible evidence.  No documents will be produced.

**Plaintiff's Discussion concerning RPD Nos. 22-24**: Plaintiff's discovery demand is well in line with a series of decisions by District of Connecticut Magistrate Judge Thomas P. Smith allowing discovery of complaints going back as many as five years.

In an October 23, 2002 decision in *Ahern v. Transunion, LLC*,[37] the Court compelled production of "all judgments, court opinions, complaints, and consent orders concerning Transunion's practices under the FCRA [Fair Credit Reporting Act] in or after the year 1997."[38] In so doing, the court reasoned that the request was "not overbroad, vague, ambiguous or unduly burdensome; nor is the requested information not reasonably calculated to lead to the discovery of admissible evidence."[39]  "The material sought is clearly relevant to the state of mind with which Transunion acted. It is also relevant to whether Transunion alleged statutory violations occurred after it had actual notice that its practices were actionable.   While it may be burdensome to require Transunion to compile and permit discovery of the various legal complaints and judgments against it from 1997 to the present, surely these documents are not so voluminous that it is an unconscionable or unfair burden for defendant to shoulder."[40]

---

[37]     D.Conn., No. 01CV2313, October 23, 2002, a copy of which is attached as Exhibit E.

[38]     *Id*. at 4.

[39]     *Id*.

[40]     *Id*.

In an October 17, 2002 decision in *Pullen v. Arrow Financial Services, LLC*,[41] the Court directed production of "all judgments, court opinions, complaints and consent orders relating to the defendant's acts and practices 'regarding insufficient funds checks in or after 2000.'"[42]  The Court found the defendant's objections to be "dilatory and unmeritorious" and imposed legal fees.[43]

In sum, this evidence goes to establishing Defendants' credibility, pattern and practice, the frequency and persistence of noncompliance, the nature of such noncompliance, and the number of persons adversely affected, and the extent to which the Defendants' noncompliance was intentional.  In addition, this interrogatory goes directly to whether Defendants' "bona fide error" defense is valid.

**RPD No. 25**: Copies of any insurance policies or indemnification agreements regarding Hilco Receivables, LLC and its debt collection activities and letter writing agreements and/or its violations of the Fair Debt Collection Practices Act.

**Response to RPD No. 25**: Objection.  This request, as phrased is vague, ambiguous and unintelligible with respect to "letter writing agreements."  This request is also duplicative of Request No. 5 above.

**RPD No. 26**: All communications, agreements, letters and submissions for collections between you and ACB American, Inc.

**Response to RPD No. 26**: Defendant objects to this demand upon the grounds that this request seeks the production of trade secrets, private financial information, and information and documents protected by the attorney-client privilege and the attorney work-product privilege.  Further objection on the grounds that, as phrased, this request seeks production of documents irrelevant to the claims and defenses at bar, since the request is not limited to the relevant time period or accounts.  This request also purportedly seeks documents related to third parties, invading their privacy rights.

Without waiving these objections, the non-privileged, responsive documents relevant to the Trevino account will be produced.

---

[41]     D.Conn., No. 01CV647, October 17, 2002, a copy of which is attached as <u>Exhibit F</u>.

[42]     *Id*. at 14.

[43]     *Id*. at 15.

**Plaintiff's Discussion concerning RPD Nos. 25 and 26**: Defendants' counsel, during "meet and confer" conferences held on December 6 and 7, 2005, claimed that everything responsive to these RPDs has been produced.  Plaintiff requests amended responses to narrow the matters in dispute.

**RPD No. 29**: Produce all documents produced by you in relation to the case of *Scally v. Hilco Receivables, LLC*, No. 04-C-3035, litigated in front of Judge James B. Zagel of the Northern District of Illinois.

**Response to RPD No. 29**: Objection on the grounds that this request is overbroad and unduly burdensome and may seek confidential documents and/or trade secrets.

**Plaintiff's Discussion**: This is not a complicated matter.  Discovery produced in another recent case involving similar issues should not be difficult to produce.  Everything should be Bates-stamped and ready for production.  All issues of "confidential documents and/or trade secrets" should have been worked out before the District and Magistrate Judges in the Northern District of Illinois.  Moreover, Defendants have not produced a privilege log concerning these documents.  Thus, requiring Plaintiff to make this motion is an abuse of process and a waste of judicial resources.

Dated: New York, New York
      December 20, 2005

                                            Respectfully submitted,
                                            Brian L. Bromberg, P.C.

                                            /s/ Brian L. Bromberg
                                            Brian L. Bromberg (admitted pro hac vice)
                                            One of Plaintiffs' Attorneys