**Ronald Wilcox #176601**
**2160 The Alameda, First Floor, Suite F**
**San Jose, CA 95126**
**Tel: (408) 296-0400**
**Fax: (408) 296-0486**

**Lance Raphael**
**Allison Krumhorn**
**Consumer Advocacy Center, P.C.**
**180 West Washington, Suite 700**
**Chicago, IL 60602**
**Tel: (312) 782-5808**
**Fax: (312) 377-9930**
**(Not admitted to practice in California)**

**Brian L. Bromberg**
**Brian L. Bromberg, P.C.**
**40 Exchange Place, Suite 2010**
**New York, NY 10005**
**Tel: (212) 248-7906**
**Fax: (212) 248-7908**
**(Admitted pro hac vice)**

**Attorneys for Plaintiffs**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **Elizabeth Trevino and Yadira Rios, on behalf of Themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br><br><br>**ACB American, Inc., Hilco Receivables, LLC, B. Masters and K. Francis,**<br><br>**Defendants.** | **) Case No. 05-cv-239-JF- HRL**<br>**)**<br>**) Plaintiffs' Notice of Motion and**<br>**) Memorandum in Support of Motion**<br>**) to Compel Written Discovery from**<br>**) ACB American, Inc.**<br>**)**<br>**) Hon. Howard R. Lloyd**<br>**) 280 South 1st St**<br>**) San Jose, CA 95113**<br>**) Date: January 24, 2006**<br>**) Time: 10:00 a.m.** |

### *The Scope of Permissible Discovery*

Rule 26(b)(1) of the Federal Rules of Civil Procedure states, in pertinent part, that "[p]arties may

obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any

party…."[1]  Information that is reasonably calculated to lead to the discovery of admissible evidence is

---

[1]        Fed.R.Civ.P. 26(b)(1).

considered relevant for the purposes of discovery.[2]  A party may not object to a discovery request on the grounds that the information sought will be inadmissible at trial so long as the material requested could lead to other information that may be relevant to the subject matter of the action.[3]

A party may object to a request if it is "overly broad" or "unduly burdensome."[4]  But to assert a proper objection on this basis, one must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad."[5]  Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."[6]

The objecting party may not leave it to the court to "sift each interrogatory to determine the usefulness of the answer sought."[7]  To the contrary, the claims in the complaint define the liberal guidelines for determining the relevance of the discovery requests, and the burden is on the party resisting discovery to clarify and explain its objections and to provide support for those objections.[8]

## *Interrogatories[9]*

---

[2]     *See Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *Morse/Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447, 449 (S.D.N.Y. 1998).

[3]     *See id.*

[4]     8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2174, at 297 (2d ed. 1994).

[5]     *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984).

[6]     *Id.* (internal citations and question marks omitted).

[7]     *Id.*

[8]     *Id.*

[9]     Attached as exhibits are copies of Plaintiffs' written discovery requests (Exhibit A), and ACB's interrogatory responses (Exhibit B), requests for admission responses (Exhibit C), requests for production responses (Exhibit D), and supplemental responses to requests for production (Exhibit E).  To prevent identity theft, Plaintiff has redacted personal identifying information from ACB documents attached as Exhibit E and has left out the document Bates-stamped ACB000020, produced by Defendant ACB.  Plaintiff may produce the unredacted versions of these documents at oral argument or file them under seal.

**General Objections** – Defendants' general objections will not be addressed because they are inappropriate under the Federal Rules of Civil Procedure.[10]

**Interrogatory No. 4**: Identify by caption, court, civil action number, and result all litigation filed against you alleging violations of the Fair Debt Collection Practices Act or state law equivalent similar to the instant case.

**Response to Interrogatory No. 4**: Objection.  This interrogatory is overbroad and unduly burdensome, as it seeks information irrelevant to the issues framed by the pleadings at bar.  Whether or not a third party instituted litigation against this Defendant, and/or the outcome of such litigation, has no relevance whatsoever to the claims and defenses before the court, which also makes this unduly burdensome.  Moreover, even if Plaintiffs could somehow show the relevance of other litigation by other claimants, this interrogatory would still be unduly burdensome, since such information would be a matter of public record and readily obtainable by Plaintiffs without necessity of written discovery to Defendant.

Further objection of the grounds that this interrogatory, as phrased is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25 interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects. (*See*, Rule 33, Advisory Committee Notes, 1993 Amendments.)

**Plaintiff's Discussion**: Plaintiff's discovery demand is well in line with a series of decisions by

District of Connecticut Magistrate Judge Thomas P. Smith allowing discovery of complaints

going back as many as five years.

In an October 23, 2002 decision in *Ahern v. Transunion, LLC*,[11] the Court compelled

production of "all judgments, court opinions, complaints, and consent orders concerning

---

[10]      *See Obiajulu v. City of Rochester, Department of Law*, 166 F.R.D. 293 (W.D.N.Y. 1996):

Such pat, generic, non-specific objections, intoning the same boilerplate language, are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure. An objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded. The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure.

*Id*. at 295 (citations omitted).  *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497-98 (D. Kan. 1998) (A general preliminary objection to "to the extent it may apply to particular requests for discovery" is "worthless" and does not effectively assert an objection.); *Chubb Integrated Systems v. Nat'l Bank of Washington*, 103 F.R.D. 52, 59-60 (D.D.C. 1984) (A burdensome objection "must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden."); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that [an] interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory.") *Burus v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections are insufficient).

[11]      No. 01CV2313, 2002 WL 32114492 (D.Conn. October. 23, 2002).

Transunion's practices under the FCRA [Fair Credit Reporting Act] in or after the year 1997."[12] In so doing, the court reasoned that the request was "not overbroad, vague, ambiguous or unduly burdensome; nor is the requested information not reasonably calculated to lead to the discovery of admissible evidence."[13]  "The material sought is clearly relevant to the state of mind with which Transunion acted. It is also relevant to whether Transunion alleged statutory violations occurred after it had actual notice that its practices were actionable.   While it may be burdensome to require Transunion to compile and permit discovery of the various legal complaints and judgments against it from 1997 to the present, surely these documents are not so voluminous that it is an unconscionable or unfair burden for defendant to shoulder."[14]

        In an October 17, 2002 decision in *Pullen v. Arrow Financial Services, LLC*,[15] the Court directed production of "all judgments, court opinions, complaints and consent orders relating to the defendant's acts and practices 'regarding insufficient funds checks in or after 2000.'"[16]  The Court found the defendant's objections to be "dilatory and unmeritorious" and imposed legal fees.[17]

        In sum, this evidence goes to establishing Defendants' credibility, pattern and practice, the frequency and persistence of noncompliance, the nature of such noncompliance, the number of persons adversely affected, and the extent to which the Defendants' noncompliance was

---

[12]        *Id*.

[13]        *Id*.

[14]        *Id*.

[15]        No. 01CV647, 2002 WL 32864712 (D.Conn. October. 17, 2002).

[16]        *Id*. at 14.

[17]        *Id*. at 15.

intentional.  In addition, this interrogatory goes directly to whether Defendants' "bona fide error" defense is valid.

**Interrogatory No. 5**: Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications.

**Response to Interrogatory No. 5**: Objection.  This request is compound.  This request also seeks attorney work product.

**Plaintiff's Discussion**: Defendants' claim that this interrogatory is compound or somehow requests attorney work product is absurd.  Plaintiff is really asking for nothing more than what is required to be provided as a matter of course under the Federal Rules of Civil Procedure. Defendants have an obligation to disclose expert witness testimony under Federal Rule of Civil Procedure 26(a)(2).

**Interrogatory No. 8**: Describe, step by step, the process taken to investigate Plaintiffs' accounts, including, without limitation, the steps taken to review and investigate the bases for the debt.  In doing so, identify: (a) all individuals and entities who were involved in performing the review/investigation; (b) all individuals and entities contacted during the course of the review/investigation; (c) all documents produced to you during the course of the review/investigation; and (d) all documents maintained by you and/or produced to you concerning the review/investigation.

**Response to Interrogatory No. 8**: Objection.  This request is vague and ambiguous.  Objection to the extent that this interrogatory calls for disclosure of information protected by the attorney-client and/or attorney work-product privileges.  Further objection on the grounds that this interrogatory, as phrased is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25 interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, Rule 33, Advisory Committee Notes, 1993 Amendments.)

Without waiving these objections, Defendant responds to the first subject of inquiry (investigation of Plaintiffs' accounts) as follows.  This responding Defendant received assignment of the Plaintiffs' accounts from the creditors, at which time the creditors provided information pertinent to each account concerning the nature, amount and status of that debt and the last known contact information for the Plaintiffs.

**Plaintiff's Discussion**: This specific interrogatory was reviewed and approved by the court in

*Yancey v. Hooten*,[18] as follows:

> *Interrogatory (10): GRANTED*
> **Describe, step-by-step, the process which resulted in**
> **defendant's letter(s) being sent to plaintiff, beginning with the**
> **date of transmission of debtor information, e.g., computer**

---

[18]     180 F.R.D. 203 (D.Conn. 1998).

> **tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made); letter with debtor information printed (where and by whom); letter with debtor information mailed (from where and by whom); computer tapes or media returned (on what occasion, when, by whom and to whom).**
>
> The plaintiff states this information is related to whether (1) the defendants are acting as a collection agency or attorneys and (2) the use of defendant Rathgeb's name on collection letters sent into Connecticut is deceptive. The defendant responds with the now familiar argument concerning the FDCPA's application to both attorneys and debt collectors alike. However, regardless of the FDCPA's applicability to attorneys, this information could lead to the discovery of admissible evidence concerning defendant Hooten's activities as an allegedly unlicensed debt collector in contravention of Chapter 669 Part XII of the Connecticut General Statutes.[19]

ACB's response to this interrogatory fails to specify all of the information requests and instead, ACB adopts a terse response, amounting to little more than "HIlco sent us the account with the relevant information and we tried to collect it."  This is far from adequate.  During "meet and confer" conferences held on September 6 and 7, 2005, Defendants' counsel advised that she would look into the matter and get back to Plaintiff's counsel.  We have not heard from her since.

**Interrogatory No. 9**: Identify any deposition of any of your personnel taken in the last 5 years in conjunction with a Fair Debt Collection Practices Act lawsuit against you or any of your employees.  By "identify" we mean that you can provide us with the court caption and the name of the deponent and the name, address, and phone number of the attorney who took the deposition.

**Response to Interrogatory No. 9**: Objection to the extent that this interrogatory calls for disclosure of information protected by the attorney-client and/or attorney work-product privileges.  Further objection on the grounds that this interrogatory, as phrased is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25 interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, Rule 33, Advisory Committee Notes, 1993 Amendments.)

Further objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks information irrelevant to the issues framed by the pleadings at bar.  Whether or not Defendant's employees were

---

[19]        *Id*. at 209.

deposed in another action, and information relating to such deposition or action, has no relevance whatsoever to the claims and defenses at bar, which also makes this interrogatory unduly burdensome.

**Plaintiff's Discussion**: This is not a complicated matter.  If depositions have been taken of ACB personnel within the past five years, then they should be produced.  Requiring Plaintiff to make this motion is an abuse of process and a waste of judicial resources.

Furthermore, this is well in line with a series of decisions by District of Connecticut Magistrate Judge Thomas P. Smith allowing discovery of complaints going back as many as five years.  Thus, in an October 23, 2002 decision in *Ahern v. Transunion, LLC*,[20] the Court compelled production of "all judgments, court opinions, complaints, and consent orders concerning Transunion's practices under the FCRA [Fair Credit Reporting Act] in or after the year 1997."  In so holding, the court reasoned that the request was "not overbroad, vague, ambiguous or unduly burdensome; nor is the requested information not reasonably calculated to lead to the discovery of admissible evidence."  "The material sought is clearly relevant to the state of mind with which Transunion acted. It is also relevant to whether Transunion alleged statutory violations occurred after it had actual notice that its practices were actionable.   While it may be burdensome for to require Transunion to compile and permit discovery of the various legal complaints and judgments against it from 1997 to the present, surely these documents are not so voluminous that it is an unreasonable or unfair burden for defendant to shoulder."

And in an October 17, 2002 decision in the FDCPA case of *Pullen v. Arrow Financial Services, LLC*,[21] the Court directed production of "all judgments, court opinions, complaints and consent orders relating to the defendant's acts and practices 'regarding insufficient funds checks

---

[20] No. 01CV2313, 2002 WL 32114492 (D.Conn. October. 23, 2002).
[21] No. 01CV647, 2002 WL 32864712 (D.Conn. October. 17, 2002).

in or after 2000.'"[22]  The Court found the defendant's objections to be "dilatory and

unmeritorious" and imposed legal fees.[23]

In sum, this evidence goes to establishing Defendants' credibility, pattern and practice,

the frequency and persistence of noncompliance, the nature of such noncompliance, the number

of persons adversely affected, and the extent to which the Defendants' noncompliance was

intentional.  In addition, this interrogatory goes directly to whether Defendants' "bona fide error"

defense is valid.

**Interrogatory No. 10**: State your net worth and describe in meaningful factual detail how theses figures were calculated.  The mere assertion that the figure was determined by simply subtracting liabilities from assets is not sufficient.  You must specify the assets and liabilities as well as their respective values.  This information is specifically required to determine the damages under § 1692k of the Fair Debt Collection Practices Act.

**Response to Interrogatory No. 10**: Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar, since no class action has been certified.  This request is compound.  This request seeks confidential information protected by federal and state privacy laws.

**Plaintiff's Discussion**: ACB's responses are evasive.  In *Lucas v. GC Services L.P.*,[24] the court

directly addressed this objection and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery
> largely on the grounds that it is only relevant in the event a class is
> certified, even though the defendants did not file a motion to stay
> discovery on these grounds until after the plaintiffs filed their
> second motion to compel and over one month following the
> plaintiffs' motion to dismiss.
>
> The defendants do not get to determine unilaterally the scope and
> timing of discovery.  The plaintiffs filed their first motion for class
> certification on January 30, 2004, one month before propounding
> discovery regarding the class issues on the defendants.  Yet the
> defendants did not raise the scope or relevancy of this discovery to
> the court in the six months preceding the defendants' June 24, 2004
> response to the first motion to compel, in the response itself, or in

---

[22] *Id.*

[23] *Id.*

[24]    226 F.R.D. 328 (N.D. Indiana 2004).

the motion to dismiss filed by the defendants on September 2, 2004.  Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification.  While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[25]

In other words, ACB bears the burden of moving to stay class discovery, which it has

failed to do in the many months this case has been pending.

**Interrogatory No. 11**: State the number of persons in California and across the United States who were sent a letter, in the form of Exhibit B to Plaintiffs' Complaint in the year prior to the filing of this action through the present, against whom litigation or an arbitration proceeding has been commenced by you.  Please break down separately the number of intended recipients of each letter both in California and nationwide.   Please inform us if the form used in Exhibit B to the Complaitn is still in use by you, or any of your affiliates or subsidiaries.

**Response to Interrogatory No. 11**: Objection on the grounds that this interrogatory is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, FRCP Rule 33, Advisory Committee Notes to 1993 Amendments.)

Further objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar: the putative class alleged in the Complaint is limited to California residents who received the challenged letter(s) within one year prior to the filing of the Complaint in this action.

Without waiving these objections, this Defendant responds to the first subject of inquiry that approximately 500 of the Exhibit B letters were sent to California residents during the relevant time period.

**Interrogatory No. 12**: State the number of persons in California and across the United States who were sent a letter, in the form of Exhibit C to Plaintiffs' Complaint in the year prior to the filing of this action through the present, against whom litigation or an arbitration proceeding has been commenced by you.  Please break down separately the number of intended recipients of each letter both in California and nationwide.   Please inform us if the form used in Exhibit B to the Complaitn is still in use by you, or any of your affiliates or subsidiaries.

**Response to Interrogatory No. 12**: Objection on the grounds that this interrogatory is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, FRCP Rule 33, Advisory Committee Notes to 1993 Amendments.)

Further objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar: the putative class alleged in the Complaint is limited to California residents who received the challenged letter(s) within one year prior to the filing of the Complaint in this action.

Without waiving these objections, this Defendant responds to the first subject of inquiry that approximately 500 of the Exhibit C letters were sent to California residents during the relevant time period.

---

[25]      *Id*. at 330-331.

**Interrogatory No. 13**: State the number of persons in California and across the United States who were sent a letter, in the form of <u>Exhibit D & E</u> to Plaintiffs' Complaint in the year prior to the filing of this action through the present, against whom litigation or an arbitration proceeding has been commenced by you.  Please break down separately the number of intended recipients of each letter both in California and nationwide.   Please inform us if the form used in Exhibit B to the Complaitn is still in use by you, or any of your affiliates or subsidiaries.

**Response to Interrogatory No. 13**: Objection on the grounds that this interrogatory is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, FRCP Rule 33, Advisory Committee Notes to 1993 Amendments.)

Further objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar: the putative class alleged in the Complaint is limited to California residents who received the challenged letter(s) within one year prior to the filing of the Complaint in this action.

Without waiving these objections, this Defendant responds to the first subject of inquiry that approximately 500 of the <u>Exhibits D & E</u> letters were sent to California residents during the relevant time period.

## **Plaintiff's Discussion concerning Interrogatory Nos. 11-13**: Plaintiff has alleged that

Defendant have falsely threatened imminent litigation.  Therefore, it is relevant whether

Defendants sue anyone anywhere in the county after sending letters in which they threaten to do

so.

**Interrogatory No. 15**: State the number of persons in California and across the United States who were sent debt collection letters, in a form similar to the letter attached as <u>Exhibit C</u> to Plaintiff's Complaint in the year prior to the filing of this action through the present, against whom litigation or an arbitration proceeding has been commenced by you.

**Response to Interrogatory No. 15**: Objection on the grounds that this interrogatory is compound in violation of the Federal Rules of Civil Procedure, Rule 33(a).  Parties cannot evade the 25-interrogatory limit imposed by Rule 33(a) by including as "subparts" questions that seek information about discreet, separate subjects.  (*See*, FRCP Rule 33, Advisory Committee Notes to 1993 Amendments.)

Further objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar: the putative class alleged in the Complaint is limited to California residents only.  Moreover, the Plaintiffs do not allege, and have not alleged, that the Exhibit C letter violated the FDCPA, and therefore the requested information is irrelevant to the claims at bar.

## **Plaintiff's Discussion concerning Interrogatory No. 15**: Plaintiff has alleged that Defendant

have falsely threatened imminent litigation.  Therefore, it is relevant whether Defendants sue

anyone anywhere in the county after sending letters in which they threaten to do so.

**Interrogatory No. 20**: State the number of persons in California and across the United States who were sent debt collection letters, in a form similar to the letter attached as Exhibit E to Plaintiff's Complaint, by you in an attempt to collect a debt under $500.00 in the year prior to the filing of this action through the present.

**Response to Interrogatory No. 20**: Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  The putative class alleged in the Complaint is limited to California recipients of the letters within one year prior to the filing of the Complaint in this action.

**Plaintiff's Discussion concerning Interrogatory No. 20**: Plaintiff has alleged that Defendant

have falsely threatened imminent litigation.  Therefore, it is relevant whether Defendants sue

anyone anywhere in the county after sending letters in which they threaten to do so.  In addition,

Defendants have not provided *any* response, whether for California residents or for all United

States residents.  Defendants should be required to respond to this interrogatory.

**Interrogatory No. 21**: State the number of persons in California and across the United States who you instituted legal action against for a debt under $500.00.

**Response to Interrogatory No. 21**: This request is vague and ambiguous as to time.  Objection on the grounds that this interrogatory is overbroad and unduly burdensome, as it potentially seeks disclosure of information not relevant to the issues at bar.  First, the interrogatory as phrased seeks irrelevant information pertaining to the Defendant's litigation activities outside the relevant time period, litigation involving non-consumer debts, litigation involving different creditor/clients, and other matters irrelevant to the FDCPA claims at bar.  Second, the putative class alleged in the Complaint is limited to California recipients of letters within one year prior to the filing of the Complaint in this action.  As to the relevant time period, this Defendant is currently developing this information.

**Plaintiff's Discussion**: During "meet and confer" conferences held on September 6 and 7, 2005, Defendants's counsel advised that ACB was "currently developing the information" and that she would check and see the progress.  Plaintiff's counsel has not heard anything since.

**Interrogatory No. 22**: Identify all correspondence, documents, database entries, or system notes that refer or relate to any communications regarding the Plaitnff Elizabeth Trevino that occurred between you and Hilco Receivables, LLC.

**Response to Interrogatory No. 22**: Objection to the extent that this interrogatory calls for disclosure of information and/or documents protected by the attorney-client privilege and/or the attorney work-product privilege.

Without waiving these objections, this Defendant responds that its communications with Hilco concerning the Trevino account were limited to the following: Defendant's initial electronic communication from Hilco wherein it assigned the Trevino account for collection, which conveyed the account information and Trevino; s location information, and ACB 's electronic transmission to Hilco when it ceased collection efforts and returned the account.

**Plaintiff's Discussion**: During "meet and confer" conferences held on December 6 and 7, 2005,

Defendants' counsel advised that a form Bates-stamped H00065 constitutes the response to this

interrogatory.  Plaintiff requests an amended response to narrow the matters in dispute.

**Interrogatory No. 24**: State the percentage of your debt collection activities that are derived from Hilco Receivables, LLC and its related companies.

11

**Response to Interrogatory No. 24**: This request is vague and ambiguous.  Objection on the graounds that this interrogatory is overbroad and unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  Specifically, this interrogatory seeks disclosure of Defnedant's confidential business information which has no bearing on issues framed by the pleadings at bar and is protected by federal and state privacy laws.

**Response to Interrogatory No. 24**: This interrogatory goes directly to the nature of the relationship between Hilco and ACB, a crucial matter in determining Hilco's involvement in and liability for ACB's debt collection activities.

**Interrogatory No. 25**: Identify by date, content and participants, all communications, both written and oral, between you and Hilco Receivables, LLC.

**Response to Interrogatory No. 25**: This request is vague and ambiguous, including as to scope.  Objection on the grounds that this interrogatory is overbroad an unduly burdensome, as it seeks disclosure of information not relevant to the issues at bar.  This interrogatory is not limited as to subject matter or time perio.  Further objections to the extent that this interrogatory calls for the disclosure of information protected by the attorney-client privilege and/or the attorney work-product privilege.  This request also seeks to invade third party privacy rights.

**Plaintiff's Discussion**: During "meet and confer" conferences held on December 6 and 7, 2005,

Defendants' counsel advised that a form Bates-stamped H00065 constitutes the response to this

interrogatory.  Plaintiff requests an amended response to narrow the matters in dispute.

**RFA No. 1**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $100,000.00.

**Response to RFA No. 1**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**Plaintiff's Discussion**: Plaintiff's discussion concerning RFA Nos. 1-9 appears below following

RFA No. 9.

**RFA No. 2**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $500,000.00.

**Response to RFA No. 2**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 3**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $1,000,000.00.

**Response to RFA No. 3**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**RFA No. 4**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $10,000,000.00.

**Response to RFA No. 4**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request

seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**<u>RFA No. 5</u>**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $15,000,000.00.

**<u>Response to RFA No. 5</u>**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**<u>RFA No. 6</u>**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $20,000,000.00.

**<u>Response to RFA No. 6</u>**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**<u>RFA No. 7</u>**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $30,000,000.00.

**<u>Response to RFA No. 7</u>**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**<u>RFA No. 8</u>**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $40,000,000.00.

**<u>Response to RFA No. 8</u>**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**<u>RFA No. 9</u>**: Your current net worth, as of the date of Plaintiffs' complaint, exceeds $50,000,000.00.

**<u>Response to RFA No. 9</u>**: Objection.  This request calls for information which is not discoverable and not likely to lead to the discovery of admissible evidence at least at this time, as no class action has been certified.  This request seeks confidential financial information that is protected by federal and state privacy laws.  This request seeks a legal conclusion.

**<u>Plaintiff's Discussion re RFAs 1-9</u>**: Hilco's responses are evasive.  In *Lucas v. GC Services L.P.*,[26] the court directly addressed this objection and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery largely on the grounds that it is only relevant in the event a class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.
>
> The defendants do not get to determine unilaterally the scope and

---

[26]       226 F.R.D. 328 (N.D. Indiana 2004).

timing of discovery.  The plaintiffs filed their first motion for class
certification on January 30, 2004, one month before propounding
discovery regarding the class issues on the defendants.  Yet the
defendants did not raise the scope or relevancy of this discovery to
the court in the six months preceding the defendants' June 24, 2004
response to the first motion to compel, in the response itself, or in
the motion to dismiss filed by the defendants on September 2,
2004.  Nevertheless, since April 21, 2004, the defendants have
determined that they do not need to respond to the plaintiffs'
discovery until after the court has ruled on the motion for class
certification.  While there may be merit in staying discovery of
class issues pending a motion to dismiss, the defendants have lost
this privilege by waiting until after their discovery responses were
due to raise this issue.[27]

In other words, Hilco bears the burden of moving to stay class discovery, which it has

failed to do in the many months this case has been pending.

**RFA No. 51**: You caused more than 500 letters, in the form of <u>Exhibit B</u> attached to Plaintiffs' complaint, to be sent
in the year prior to the filing of Plaintiffs' complaint.

**Response to RFA No. 51**: Deny, on information and belief.  Responding defendant is currently researching the
number of letters issued.

**Plaintiff's Discussion**: During "meet and confer" conferences held on September 6 and 7, 2005,

Defendants' counsel advised that ACB was "checking on the progress of the research" and

would get back to Plaintiff's counsel.  Plaintiff's counsel has not heard anything since.

**RFA No. 67**: You caused more than 5000 letters, in the form of <u>Exhibits D &E</u> attached to Plaintiffs' complaint, to
be sent in the year prior to the filing of Plaintiffs' complaint.

**Response to RFA No. 67**: Deny, on information and belief.  This responding party is verifying the number of such
letters sent, and reserves the right to correct this response if necessary.

**Plaintiff's Discussion**: During "meet and confer" conferences held on September 6 and 7, 2005,

Defendants' counsel advised that she would check on ACB's research progress  and get back to

Plaintiff's counsel.  Plaintiff's counsel has not heard anything since.

---

[27]     *Id*. at 330-331.

**Documents Produced by ACB**: After repeated "meet and confer" conferences and requests, ACB finally, on or about November 29, 2005, produced collection records, a copy of which is attached as <u>Exhibit</u>    .  But it appears that the records ACB produced are incomplete. Plaintiff believes this to be true because the initial letter ACB sent to Plaintiffs is not reflected in the collection records.  Thus, it appears that the records may have been selectively produced or even doctored.  Accordingly, Plaintiff respectfully requests an order compelling Defendants to produce a complete version of all collection records, reports, and printouts concerning Plaintiffs' accounts, including "screen dumps" of all collection screens.

**RPD No. 1:** All exhibits you intend to introduce at trial.

**Response to RPD No. 1**: Objection.  This request seeks attorney work product.  To the extent this request is permissible, the documents are attached in the parties' "Initial Disclosures" or attached to the Complaint.  No documents will be produced.

**Plaintiff's Discussion**: During "meet and confer" conferences held on December 6 and 7, 2005, Defendants' counsel advised that everything had been turned over with the possible exception of Hilco's contract with MBNA.  Defendants' counsel was going to check whether the MBNA contract had been provided to Plaintiff.  After searching Plaintiff's records, Plaintiff cannot find a copy and Defendants have not supplemented their responses to include the MBNA contract.

**RPD No. 2:** Copies of all depositions taken of your personnel in connection with Fair Debt Collection Practices actions brought against you.

**Response to RPD No. 2**: Responding party objects to this request on the grounds that it is overbroad and unduly burdensome.  As phrased, the request seeks depositions of persons not involved in this litigation, concerning claims and/or litigation totally independent of an irrelevant to this action.  Moreover, this request is not limited to the time, type of claim, or venue.  Ostensibly, any such deposition testimony would not be relevant to or probative of any of the issues framed by the pleadings in this case, which makes this request nothing more than an improper and unduly burdensome fishing expedition.  Further objection to the extent that this request calls for the disclosure of confidential employee and/or financial information.  This request seeks documents not likely to lead to the discovery of admissible evidence.  No such documents will be produced.

**RPD No. 3:** Copies of all depositions taken of your personnel.

**Response to RPD No. 3**: Responding party objects to this request on the grounds that it is overbroad and unduly burdensome.  As phrased, the request seeks depositions of persons not involved in this litigation, concerning claims and/or litigation totally independent of an irrelevant to this action.  Moreover, this request is not limited to the time, type of claim, or venue.  Ostensibly, any such deposition testimony would not be relevant to or probative of any of

the issues framed by the pleadings in this case, which makes this request nothing more than an improper and unduly burdensome fishing expedition.  Further objection to the extent that this request calls for the disclosure of confidential employee and/or financial information.  This request seeks documents not likely to lead to the discovery of admissible evidence.  No such documents will be produced.

**RPD No. 4:** Copies of all depositions taken of your personnel who are individuals consulted in preparing the responses or the interrogatories.

**Response to RPD No. 4**: Responding party objects to this request on the grounds that it is overbroad and unduly burdensome.  As phrased, the request seeks depositions of persons not involved in this litigation, concerning claims and/or litigation totally independent of an irrelevant to this action.  Moreover, this request is not limited to the time, type of claim, or venue.  Ostensibly, any such deposition testimony would not be relevant to or probative of any of the issues framed by the pleadings in this case, which makes this request nothing more than an improper and unduly burdensome fishing expedition.  Further objection to the extent that this request calls for the disclosure of confidential employee and/or financial information.  This request seeks documents not likely to lead to the discovery of admissible evidence.  No such documents will be produced.

**Plaintiff's Discussion concerning RPD Nos. 2-4**: ACB's response has been rejected by the courts.  For example, in *Lucas v. GC Services L.P.*,[28] the court directly addressed this objection and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery largely on the grounds that it is only relevant in the event a class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.
>
> The defendants do not get to determine unilaterally the scope and timing of discovery.  The plaintiffs filed their first motion for class certification on January 30, 2004, one month before propounding discovery regarding the class issues on the defendants.  Yet the defendants did not raise the scope or relevancy of this discovery to the court in the six months preceding the defendants' June 24, 2004 response to the first motion to compel, in the response itself, or in the motion to dismiss filed by the defendants on September 2, 2004.  Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification.  While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[29]

---

[28]      226 F.R.D. 328 (N.D. Indiana 2004).

[29]      *Id*. at 330-331.

In other words, ACB bears the burden of moving to stay class discovery, which it has

failed to do in the many months this case has been pending.

**RPD No. 8:** All of your financial reports for the past three years.  The terms financial reports includes, by way of illustration, cash-flow statements, income statements, balance sheets, listings of accounts receivables, firm valuation reports, etc.

**Response to RPD No. 8**: Objection on the grounds that this request is overbroad and unduly burdensome, in that it seeks production of private financial information irrelevant to the Plaintiff's claims at bar and which is not discoverable at this time.  No such documents will be produced.

**Plaintiff's Discussion**: Hilco's responses are evasive.  In *Lucas v. GC Services L.P.*,[30] the court

directly addressed this objection and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery largely on the grounds that it is only relevant in the event a class is certified, even though the defendants did not file a motion to stay discovery on these grounds until after the plaintiffs filed their second motion to compel and over one month following the plaintiffs' motion to dismiss.
>
> The defendants do not get to determine unilaterally the scope and timing of discovery.  The plaintiffs filed their first motion for class certification on January 30, 2004, one month before propounding discovery regarding the class issues on the defendants.  Yet the defendants did not raise the scope or relevancy of this discovery to the court in the six months preceding the defendants' June 24, 2004 response to the first motion to compel, in the response itself, or in the motion to dismiss filed by the defendants on September 2, 2004.  Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification.  While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[31]

In other words, Hilco bears the burden of moving to stay class discovery, which it has

failed to do in the many months this case has been pending.

---

[30]     226 F.R.D. 328 (N.D. Indiana 2004).

[31]     *Id*. at 330-331.

**RPD No. 9**: All of your internal reports, memoranda, etc. regarding the use of your collection notices and collection efforts.

**Response to RPD No. 9**: Objection on the grounds that this request is overbroad and unduly burdensome, in that it seeks production of private financial information irrelevant to the Plaintiff's claims at bar and which is not discoverable at this time.  Notwithstanding these objections, and without waiving these objections, responding party will produce relevant, non-privileged documents regarding plaintiffs.

**RPD No. 10**: All operations manuals, etc. utilized by you and your staff in the collection of debts or preparing debt collection letters.

**Response to RPD No. 10**: Objection to the extent that this request calls for the disclosure of trade secrets, private/confidential financial information of third parties, and/or private employee information.  Objection to the extent this request calls for the production of documents protected by the attorney-client privilege and/or the attorney work-product privilege.  Further objection on the grounds that this request, as phrased, is overborad and unduly burdensome, as it calls for production of documents patently irrelevant to the claims and defenses at issue in this case, nro is it reasonably limited to documents concerning the notices at issue in this case, the parties to this case, or time period as to time.

**<u>Plaintiff's Discussion concerning RPD Nos. 9 and 10</u>**: These documents are highly relevant.

Faced with similar objections in *Pullen v. Arrow Financial Services, LLC*,[32] the court held that

> An examination of the … letter raises a legitimate question concerning the training, if any at all, of the individual who composed it.  The letter also raises a legitimate concern whether anyone employed by the defendant reviewed, thought about, or even read, the letter before it was dispatched to the plaintiff.  The letter bears the letterhead of "Arrow Financial Services LLC" and, therefore, reflects directly on the defendant and its business practices in this federally regulated industry.[33]

Moreover, collection manuals are routinely provided without objection. And if objection is posed, it is not sustained.[34]  And, as set forth above, the boilerplate objections are not properly substantiated or supported, and no log is provided. The issue of processing consumer disputes is directly related to plaintiff's claims and to Defendants' claims of lack of intent and so-called "bona fide error defense."

**RPD No. 11**: All documents transmitted to Plaintiff Elizabeth Trevino, by you or on your behalf, regarding Plaintiff Elizabeth Trevino's alleged debt.

---

[32]    No. 02-CV-647, 2002 WL 32864712 (D.Conn. October. 17, 2002).

[33]    *Id*.

[34]    *See e.g.*., *Yancey v. Hooten*, 180 F.R.D. 203, 213 (D. Conn. 1998).

**Response to RPD No. 11**: This request is overly burdencome and oppressive to the extent ti requires the production of documents attached to the Complaint.  Responsive documents not attached to the Complaint will be produced, to the extent they exist.

**RPD No. 12**: All documents transmitted to Plaintiff Yadira Rios, by you or on your behalf, regarding Plaintiff Yadira Rios' alleged debt.

**Response to RPD No. 12**: This request is overly burdensome and oppressive to the extent ti requires the production of documents attached to the Complaint.  Responsive documents not attached to the Complaint will be produced, to the extent they exist.

## Plaintiff's Discussion concerning RPD Nos. 11-12: During "meet and confer" conferences held on September 6 and 7, 2005, Defendants' counsel advised that Defendants had turned everything over and that anything not produced was "merely an oversight."  Defendants' counsel advised that she would look into the matter and get back to Plaintiff's counsel.  We have not heard from her since.

**RPD No. 13**: All documents transmitted to ACB American, Inc. by you or on your behalf, with regard to Plaintiff Elizabeth Trevino's alleged debt.

**Response to RPD No. 13**: Objection to the extent that this request calls for the disclosure of trade secrets, and/or private/confidential financial information of third parties.  Objection to the extent that this request calls for the production of documents protected by the attorney-cleint privilege and/or the attorney work-product privilege.  Further objection on the grounds that this request, as phrased, is overbroad and unduly burdensome, as it calls for production of documents patently irrelevant to the claims and defenses at issue in this case, nor is it reasonably limited to documents concerning the notices at issue in this case, the parties to this case, or time period.  As to time. [*sic*]  Responsive documents will be produced, to the extent they exist.

**RPD No. 15**: All documents transmitted to you from ACB American, Inc. regarding Plaintiff Elizabeth Trevino's alleged debt.

**Response to RPD No. 15**: Objection to the extent that this request calls for the disclosure of trade secrets, and/or private/confidential financial information of third parties.  Objection to the extent that this request calls for the production of documents protected by the attorney-client privilege and/or the attorney work-product privilege.  Further objection on the grounds that this request, as phrased, is overbroad and unduly burdensome, as it calls for production of documents patently irrelevant to the issues framed by the pleadings in this case.  Without waiving these objections, these Defendants respond that they are unable to comply with this request, as Defendants do not possess any such documents at this time.  These Defendants have made a diligent search for the documents or things demanded and a reasonable inquiry in an effort to comply with this demand.

**RPD No. 17**: All documents identified in response to the first set of interrogatories.

**Response to RPD No. 17**: responding party will produce all responsive non-privileged documents not previously produced or attached to the Complaint.

## Plaintiff's Discussion concerning RPD Nos. 13, 15, and 17: During "meet and confer" conferences held on December 6 and 7, 2005, Defendants' counsel advised that ACB takes the

position that it has turned everything over.  Plaintiff requests amended responses to narrow the

matters in dispute.

**RPD No. 18**: All documents consulted in responding to the first set of interrogatories.

**Response to RPD No. 18**: Objection to the extent that this request calls for the disclosure of trade secrets, private/confidential financial information of third parties, and/or private employee information.  Objection to the extent that this request calls for the production of documents protected by the attorney-client privilege and/or the attorney work-product privilege.  Further objection on the gorunds that this request, as phraed, is overbroad and unduly burdensome, as it calls for production of documents patently irrelevant to the issues framed by the pleadings in this case.

**Plaintiff's Discussion**: Defendants have not produced a privilege log and accordingly cannot

interpose this objection.  Moreover, this is a perfectly reasonable question.  The responses to

interrogatories are formulated based on memory or on documents.  Defendants should be

required to produce the documents from which the responses were drawn.

**RPD No. 19**: All of your income tax returns for the past two years.

**Response to RPD No. 19**: Objection on the grounds that this request is overbroad and unduly burdensome, in that it seeks the production of non-discoverable, private financial information which is irrelevant to the Plaintiff's claims at bar.  No such documents will be provided.

**Plaintiff's Discussion**: In *Lucas v. GC Services L.P.*,[35] the court directly addressed this objection

and dismissed it as follows:

> Finally, the defendants have refused to respond to discovery
> largely on the grounds that it is only relevant in the event a class is
> certified, even though the defendants did not file a motion to stay
> discovery on these grounds until after the plaintiffs filed their
> second motion to compel and over one month following the
> plaintiffs' motion to dismiss.
>
> The defendants do not get to determine unilaterally the scope and
> timing of discovery.  The plaintiffs filed their first motion for class
> certification on January 30, 2004, one month before propounding
> discovery regarding the class issues on the defendants.  Yet the
> defendants did not raise the scope or relevancy of this discovery to
> the court in the six months preceding the defendants' June 24, 2004
> response to the first motion to compel, in the response itself, or in
> the motion to dismiss filed by the defendants on September 2,

---

[35]       226 F.R.D. 328 (N.D. Indiana 2004).

2004.  Nevertheless, since April 21, 2004, the defendants have determined that they do not need to respond to the plaintiffs' discovery until after the court has ruled on the motion for class certification.  While there may be merit in staying discovery of class issues pending a motion to dismiss, the defendants have lost this privilege by waiting until after their discovery responses were due to raise this issue.[36]

In other words, ACB bears the burden of moving to stay class discovery, which it has failed to do in the many months this case has been pending.

**RPD No. 20:** All internal reports, memoranda, and inter-office communications of ACB American, Inc. regarding the use of the collection letters at issue in this case and related collection efforts.

**Response to RPD No. 20**: None.

**Plaintiff's Discussion concerning RPD NO. 20**: By failing to respond to RPD No. 20, ACB has waived any objections but has nevertheless failed to respond.

**RPD No. 21**: All documents relating to the maintenance of procedures by ACB American, Inc. adopted to avoid violations of the Fair Debt Collection Practices Act.

**Response to RPD No. 21 [Misnamed "Response to Request No. 20"**: Objection to the extent that this request calls for the disclosure of trade secrets, private/confidential financial information of third parties, and/or private employee information.  Objection to the extent that this request calls for the production of documents protected by the attorney-client privilege and/or the attorney work-product privilege.  Further objection on the grounds that this request, as phrased, is overbroad and unduly burdensome, as it calls for production of documents patently irrelevant to the issues framed by the pleadings in this case.  Without waiving these objections, these Defendants have no such documents in their possession which are pertinent to the FDCPA violations alleged in Plaintiffs' Complaint.

**Plaintiff's Discussion concerning RPD No. 21**: These documents are highly relevant.  Faced with similar objections in *Pullen v. Arrow Financial Services, LLC*,[37] the court held that

An examination of the … letter raises a legitimate question concerning the training, if any at all, of the individual who composed it.  The letter also raises a legitimate concern whether anyone employed by the defendant reviewed, thought about, or even read, the letter before it was dispatched to the plaintiff.  The letter bears the letterhead of "Arrow Financial Services LLC" and, therefore, reflects directly on the defendant and its business practices in this federally regulated industry.[38]

---

[36]   *Id*. at 330-331.

[37]   No. 02-CV-647, 2002 WL 32864712 (D.Conn. October. 17, 2002).

[38]   *Id*.

Moreover, collection manuals are routinely provided without objection. And if objection is

posed, it is not sustained.[39]  And the boilerplate objections are not properly substantiated or

supported, and no log is provided. The issue of processing consumer disputes is directly related

to plaintiff's claims and to Defendants' claims of lack of intent and so-called "bona fide error

defense."

**RPD No. 22**: Copies of any and all retention agreements between you and Hilco Receivables, LLC.

**Response to RPD No. 22**: Defendants object to this demand upon the grounds that this request seeks the production of trade secrets, private financial information, and information and documents protected by the attorney-client privilege and the attorney work-product privilege. Further objection on the grounds that, as phrased, this request seeks production of documents irrelevant to the claims and defenses at bar, since the request is not limited to the relevant time period or accounts. Notwithstanding these objections and without waiving these objections, responding party will produce responsive documents applicable to the relevant time period, redacted to protect non-relevant, confidential information.

**Plaintiff's Discussion**: During "meet and confer" conferences held on December 6 and 7, 2005,

Defendants' counsel claims to have produced the agreement in redacted form.  First, Defendants

have not produced a privilege log to justify their redactions, and second, Defendants must amend

their responses to reflect any document production so as to narrow the issues.

**RPD No. 23**: Copies of all Complaints filed against you alleging violations of the Fair Debt Collection Practices Act identical or similar to those alleged here. This information is specifically identified as relevant to the determination of damages in Section 1692k.

**Response to RPD No. 23**: Defendants object to this demand upon the grounds that this request is overbroad and unduly burdensome. As phrased, this request seeks production of documents outside the relevant time period and/or concerning claims by third parties, asserting different claims and different facts. As phrased, this request also calls for production of complaints asserting claims based on outdated or inapplicable legal standradd which have no bearing on the issues to be determined in this matter. Moreover, to the extent that any such documents exist they are public records and just as easily obtainable by Plaintiffs. This request seeks documents that are not likely to lead to the discovery of admissible evidence. No documents will be produced.

**RPD No. 24**: Copies of any Federal Trade Commission opinions or state agency inquiries regarding your collection efforts on time-barred debts.

**Response to RPD No. 24**: Defendants object to this demand upon the grounds that this request is vague, ambiguous, overbroad and unduly burdensome. As phrased, this request seeks production of documents outside the relevant time period and/or concerning claims by third parties, asserting different claims and different facts. As phrased, this request also calls for production of documents asserting claims based on outdated or inapplicable legal standards

---

[39]       *See e.g.., Yancey v. Hooten,* 180 F.R.D. 203, 213 (D. Conn. 1998).

which have no bearing on the issues to be determined in this matter.  Moreover, to the extent that any such documents exist they are public records and just as easily obtainable by Plaintiffs.  This request seeks documents that are not likely to lead to the discovery of admissible evidence.  No documents will be produced.

**RPD No. 25**: Copies of any private attorney's demand letters or inquiries regarding your collection efforts.

**Response to RPD No. 25**: Defendants object to this demand upon the grounds that this request is vague, ambiguous, overbroad and unduly burdensome.  As phrased, this request seeks production of documents outside the relevant time period and/or concerning claims by third parties, asserting different claims and different facts.  As phrased, this request also calls for production of documents asserting claims based on outdated or inapplicable legal standards which have no bearing on the issues to be determined in this matter.  Moreover, to the extent that any such documents exist they are public records and just as easily obtainable by Plaintiffs.  This request seeks documents that are not likely to lead to the discovery of admissible evidence.  No documents will be produced.

**Plaintiff's Discussion concerning RPD Nos. 23-25**: Plaintiff's discovery demand is well in line with a series of decisions by District of Connecticut Magistrate Judge Thomas P. Smith allowing discovery of complaints going back as many as five years.

In an October 23, 2002 decision in *Ahern v. Transunion, LLC*,[40] the Court compelled production of "all judgments, court opinions, complaints, and consent orders concerning Transunion's practices under the FCRA [Fair Credit Reporting Act] in or after the year 1997."[41] In so doing, the court reasoned that the request was "not overbroad, vague, ambiguous or unduly burdensome; nor is the requested information not reasonably calculated to lead to the discovery of admissible evidence."[42]  "The material sought is clearly relevant to the state of mind with which Transunion acted. It is also relevant to whether Transunion alleged statutory violations occurred after it had actual notice that its practices were actionable.   While it may be burdensome to require Transunion to compile and permit discovery of the various legal complaints and judgments against it from 1997 to the present, surely these documents are not so voluminous that it is an unconscionable or unfair burden for defendant to shoulder."[43]

---

[40]   No. 01CV2313, 2002 WL 32114492 (D.Conn. October 23, 2002).

[41]   *Id.*

[42]   *Id.*

[43]   *Id.*

In an October 17, 2002 decision in *Pullen v. Arrow Financial Services, LLC*,[44] the Court directed production of "all judgments, court opinions, complaints and consent orders relating to the defendant's acts and practices 'regarding insufficient funds checks in or after 2000.'"[45]  The Court found the defendant's objections to be "dilatory and unmeritorious" and imposed legal fees.[46]

In sum, this evidence goes to establishing Defendants' credibility, pattern and practice, the frequency and persistence of noncompliance, the nature of such noncompliance, the number of persons adversely affected, and the extent to which the Defendants' noncompliance was intentional.  In addition, this interrogatory goes directly to whether Defendants' "bona fide error" defense is valid.

**RPD No. 30**: A copy of each complaint filed by you or your attorney, from one year prior to the date of the filing of Plaintiffs' complaint, to collect on a debt after sending the consumer a debt collection letter similar to <u>Exhibit B</u> of Plaintiff's complaint.

**Response to RPD No. 30**: Defedants object to this demand upon the grounds that this request is overbroad and unduly burdensome, as it seeks documents not relevant to the claims and defenses at bar.  Further objection on the grounds that such documents, if any, are public records and just as easily obtainable by Plaintiffs.

**RPD No. 31**: A copy of each complaint filed by you or your attorney, from one year prior to the date of the filing of Plaintiffs' complaint to the present, to collect on a debt after sending the consumer a debt collection letter similar to <u>Exhibit B</u> of Plaintiff's complaint.

**Response to RPD No. 31**: Defedants object to this demand upon the grounds that this request is overbroad and unduly burdensome, as it seeks documents not relevant to the claims and defenses at bar.  Further objection on the grounds that such documents, if any, are public records and just as easily obtainable by Plaintiffs.

**RPD No. 32**: A copy of each complaint filed by you or your attorney, from one year prior to the date of the filing of Plaintiffs' complaint to the present, to collect on a debt after sending the consumer a debt collection letter similar to <u>Exhibits D & E</u> of Plaintiff's complaint.

**Response to RPD No. 32**: Defedants object to this demand upon the grounds that this request is overbroad and unduly burdensome, as it seeks documents not relevant to the claims and defenses at bar.  Further objection on the grounds that such documents, if any, are public records and just as easily obtainable by Plaintiffs.

---

[44]      No. 01CV647, 2002 WL 32864712 (D.Conn. October 17, 2002).

[45]      *Id*. at *6.

[46]      *Id*. at *6.

**RPD No. 33**: A copy of each arbitration demand filed by you or your attorney, from one year prior to the date of the filing of Plaintiffs' complaint, to collect on a debt after sending the consumer a debt collection letter similar to Exhibit B of Plaintiff's complaint.

**Response to RPD No. 33**: Defendants object to this demand upon the grounds that this request is overbroad and unduly burdensome, as it seeks documents not relevant to the claims and defenses at bar.  This request also seeks confidential information regarding 3rd parties.

**RPD No. 34**: A copy of each arbitration demand filed by you or your attorney, from one year prior to the date of the filing of Plaintiffs' complaint to the present, to collect on a debt after sending the consumer a debt collection letter similar to Exhibit B of Plaintiff's complaint.

**Response to RPD No. 34**: Defendants object to this demand upon the grounds that this request is overbroad and unduly burdensome, as it seeks documents not relevant to the claims and defenses at bar.  This request also seeks confidential information regarding 3rd parties.

**RPD No. 35**: A copy of each arbitration demand filed by you or your attorney, from one year prior to the date of the filing of Plaintiffs' complaint to the present, to collect on a debt after sending the consumer a debt collection letter similar to Exhibits D & E of Plaintiff's complaint.

**Response to RPD No. 35**: Defendants object to this demand upon the grounds that this request is overbroad and unduly burdensome, as it seeks documents not relevant to the claims and defenses at bar.  This request also seeks confidential information regarding 3rd parties.

**Plaintiff's Discussion concerning RPD Nos. 30-35**: The entire basis of this lawsuit is that

Plaintiffs allege that Defendants falsely threaten imminent suit.  Therefore, the information is

relevant to proving the central allegations of Plaintiffs' Complaint.

Dated: New York, New York
      December 20, 2005

                              Respectfully submitted,
                              Brian L. Bromberg, P.C.

                              /s/ Brian L. Bromberg
                              Brian L. Bromberg (admitted pro hac vice)
                              One of Plaintiffs' Attorneys