*E-filed 1/27/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH TREVINO and YADIRA RIOS, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>     v.<br><br>ACB AMERICAN, INC., HILCO RECEIVABLES, LLC, B. MASTERS and K. FRANCIS,<br><br>           Defendants.<br>_____/ | Case No. C05-00239 JF (HRL)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY |

On January 24, 2006, this court heard plaintiffs' motions to compel further discovery responses and production of documents. Based on the papers submitted and the arguments of counsel, the court issues the following order.

**I.     Background**

Elizabeth Trevino ("Trevino") and Yadira Rios ("Rios") (collectively, "plaintiffs"), on behalf of themselves and others similarly situated, filed a complaint on January 14, 2005, alleging that defendants ACB American, Inc. ("ACB") and Hilco Receivables LLC ("Hilco") (collectively, "defendants") violated the Fair Debt Collection Practices Act ("FDCPA") and its California State counterpart, the Rosenthal Fair Debt Collection Practices Act, by sending debt collection letters that threatened legal action which defendants did in fact not intend to take.

Hilco Receivables buys bulk debt from credit card agencies and other creditors at a discount price. It then contracts with collection agencies like ACB to actually collect on the debts. Hilco owns Trevino's debt and contracted with ACB to collect it. ACB is also the authorized collector of that Rios' debt, but the debt is owned by a creditor other than Hilco.

In the complaint, plaintiffs defined two putative classes: (1) California residents who were sent a collection letter by defendants in a form substantially similar to Exhibit B attached to the complaint during the year prior to the filing of the action; and (2) California residents who were sent a collection letter by defendants in a form substantially similar to Exhibits D and E attached to the complaint during the year prior to the filing of the action. As of the date of this order, plaintiffs have not filed a motion for class certification.

Plaintiffs seek to compel Hilco and ACB to respond further to certain interrogatories, requests for admissions, and requests for production of documents on the theory that such discovery supports the individual and class claims, and is needed for class certification. Defendants argue that class discovery is premature because plaintiffs have not yet moved to certify the class, and object on a host of other grounds.

**III. Discussion**

    **A. Numerical Limits on Interrogatories (Hilco Interrogatory nos. 3, 4, 7, 14, 15, 27, 28; ACB Interrogatory nos. 4, 5, 8, 9, 10, 11, 12, 13, 15)**

Defendants object to numerous interrogatories as compound, and several others as over plaintiffs' 25 interrogatory limit, in violation of Fed. R. Civ. P. 33(a). That rule states: "any party may serve upon any other party written interrogatories, not exceeding 25 in number, including all discrete subparts." Although the term "discrete subparts" does not have a precise meaning, courts generally agree that "interrogatory subparts are to be counted as one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of America v. Rawston*, 181 F.R.D. 441, 445 (C.D. Cal. 1998), citing *Kendall v. GES Exposition Services*, 174 F.R.D. 684 (D. Nev. 1997).

Plaintiffs' interrogatories fall, for the most part, squarely into this definition. For example, Hilco Interrogatory no. 3 asks: "Identify by caption, court, civil action number, and

2

result all litigation filed against you alleging violations of the Fair Debt Collection Practices Act." These subparts are not "discrete" under Rule 33(a)—they are subsumed within and related to the primary question. However, some of plaintiffs' interrogatories are compound within the meaning of Rule 33(a). For example, Hilco Interrogatory no. 4 and ACB no. 5 ask:

> Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify, and provide a summary of the grounds for each opinion and the expert's qualifications.

This looks to the court to be three separate interrogatories. Likewise, Hilco Interrogatory nos. 14 and 15 and ACB no. 9 are really two discrete subparts each and ACB nos. 11, 12 and 13 are really three discrete subparts each.

This does not mean that defendant can avoid answering these interrogatories. According to the Federal Rules, *each* plaintiff may serve *each* defendant with 25 interrogatories. Here, adding together the subparts of the interrogatories discussed above, plus Hilco Interrogatory nos. 26, 27, and 28 (not compound but over the 25 interrogatory limit), plaintiffs have jointly served 32 interrogatories on Hilco and 34 on ACB. The court will treat the first 25 interrogatories as served by plaintiff Trevino. The next 12 against Hilco and 14 against ACB will be treated as served by plaintiff Rios.

<u>Accordingly, defendants' "compound" objections are overruled and they must provide complete responses to any interrogatories or subparts they refused to answer on these grounds, particularly Hilco Interrogatory nos. 7 and 15 and ACB Interrogatory no. 8</u>.

**B. "Class-Related Discovery" (Hilco Interrogatory nos. 17, 18, 19, 23, 24; ACB Interrogatory nos. 11, 12, 13, 15, 20, 21; ACB RFP nos. 30, 31, 32, 33, 34, 35)**

Several of plaintiffs' discovery requests seek information about the number of persons in California and nationwide who were sent letters similar to those received by plaintiffs and the number of persons against whom defendants instituted litigation or arbitration proceedings during the year prior to filing the action. Plaintiffs also seek information about how many of these collection efforts were for debts under $500.00.

//

3

Defendants object to these requests because they seek (1) information about a class that has not yet been certified, and (2) on a nationwide scale even though plaintiffs defined the putative class as California residents only. Defendants further object to requests related to the Exhibit C as irrelevant because plaintiffs do not allege that Exhibit C violates the FDCPA.

Hilco individually responds that it is not involved in the sending letters to debtors—it contracts with companies like ACB to do so. It also claims it has not "caused" litigation to be instituted against any debtors—rather, it "relies on recommendations from independent agents as to whether legal proceedings are commenced."

Contrary to defendants' argument, there is no hard and fast rule that discovery relating to class issues is not proper before class certification has been filed or granted. If defendants want bifurcated discovery, they must secure it from the trial court. In the meantime, discovery pertaining to the class may proceed. Defendants are correct, however, that discovery should be limited to class members within the state of California. Until the class is certified, the operative definition of the putative class is in the complaint, and defendants do not have to provide information about persons outside California who were sent collection letters. Defendants are also correct that information about Exhibit C is irrelevant. Accordingly, <u>plaintiff's motions as to Hilco Interrogatory no. 18 and ACB Interrogatory nos. 12 and 15 are denied</u>.

Hilco's answers to the remaining requests here being considered were non-responsive. It was asked to "State the number of people . . . who were sent a letter," not "how many letters did you send." Moreover, the "Recovery Agreement" between Hilco and ACB attached to plaintiffs' motion states that Hilco must agree in writing before any legal action can be commenced on its behalf. However, at the hearing, counsel for defendants represented that Hilco has no information about the number of people in California who received the letters and that it has not commenced arbitration or litigation against any California debtors who received the letters within the relevant time period. Accordingly, <u>plaintiffs' motion as to Hilco Interrogatory nos. 17, 19, 23, 24 is denied as moot</u>.

//

//

4

1   ACB responded to Interrogatory no. 11 that 500 persons in California were sent a letter
2   in the form of Exhibit B. <u>ACB must still provide information about whether Exhibit B is still in
3   use by ACB or its affiliates or subsidiaries</u>.

4   ACB responded to Interrogatory no. 13 that 5000 persons in California were sent a letter
5   in the form of Exhibits D or E. <u>ACB must still provide information about whether Exhibits D
6   and E are still in use by ACB or its affiliates or subsidiaries</u>.

7   ACB Interrogatory nos. 20 and 21 seek information relating to the number of persons
8   who were sent Exhibit E in an attempt to collect a debt under $500, and the number of such
9   persons against whom litigation was commenced. ACB refused to respond to on grounds of
10  irrelevance. These questions are directly relevant to plaintiffs' claims. Accordingly, <u>ACB must
11  respond to ACB Interrogatory nos 20 and 21 as to individuals in California only</u>.

12  ACB RFP nos. 30 through 35 request copies of all complaints and arbitration demands
13  filed by ACB against debtors who received the disputed letters (B, D, and E) during the year
14  prior to the filing of the present claim. These requests are directly related to the class claims.
15  Accordingly, <u>ACB must produce documents responsive to ACB RFP nos. 30, 32, 33 and 35 as
16  to California residents only</u>.[1]

17  **C.  Discovery Related to Prior Claims (Hilco Interrogatory nos. 3, 14; RFP nos.
        2, 3, 4, 22, 23, 24, 37 and ACB Interrogatory nos. 4, 9; RFP nos. 2, 3, 4, 23,
18      24, 25)**

19  These discovery requests seek information relating to prior FDCPA claims filed against
20  defendants, FDCPA litigation and arbitration involving defendants, attorney demand letters sent
21  to defendants, and Federal Trade commission opinions regarding defendants' collection efforts.
22  Plaintiffs seek copies of all documents and pleadings relevant to such cases, copies of any
23  depositions of defendants' personnel, and all discovery produced by defendant Hilco in the case,
24  *Scally v. Hilco Receivables* in the Northern District of Illinois.

25  //
26  //
27

---

28  [1]ACB RFP nos. 31 and 34 appear to be exact duplicates of RFP nos. 30 and 33, respectively. Accordingly, <u>defendant is not required to respond to ACB RFP nos. 31 and 34</u>.

5

1 Plaintiffs argue that such discovery is directly relevant to defendants' assertion of "bona fide error" and "good faith" affirmative defenses in its answer.[2] Conversely, defendants argue that such discovery is overly broad and irrelevant to these plaintiffs.

In their answer to the complaint, defendants claim that they had a good faith belief that their collection efforts were lawful.[3] While plaintiffs' requests may be phrased too broadly, information relating to whether or not defendants had claims filed against them, participated in litigation or arbitration, or received demand letters from attorneys about the legality of this particular type of collection effort under the FDCPA is relevant and must be disclosed.

Accordingly, <u>in response to Hilco Interrogatory no. 3 and RFP nos. 22 and 23 and ACB RFP nos. 23 and 24, defendants must identify the caption, court, civil action number, result, and name of plaintiff's attorney</u>. Plaintiffs can obtain the actual documents through their own effort. If the documents are not available in the public record, they may renew their motion at a later date upon a better showing.

<u>In response to Hilco RFP no. 24 and ACB RFP no. 25, defendants must provide the date of the letter, the name of the attorney, and the result</u>.

It is more difficult to find relevancy in plaintiffs' requests for copies of depositions of defendants' personnel and all discovery from the *Scally* case.[4] These requests are without limitation as to subject matter and may implicate confidential third-party information. Moreover, at the hearing, counsel for defendants represented that the only discovery produced by Hilco in the *Scally* case was a "Recovery Agreement" between Hilco and the authorized debt

---

[2] *See* 15 U.S.C.A. § 1692k(c):

A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

[3] In addition to defendants' "bona fide error" affirmative defense, defendants' "Fifth Affirmative Defense" states: "These Defendants allege that all of their actions at issue in this matter were taken in good faith and with a reasonable belief that such actions were lawful." Defendants have not informed the court whether they in fact intend to pursue these defenses.

[4] The request for *Scally* discovery appears as Hilco Interrogatory no. 37 in plaintiff's first set of discovery requests. It is incorrectly listed as no. 29 in plaintiffs' moving papers.

6

collector in that case (not ACB). Plaintiffs have not adequately demonstrated the relevance of this information.

Accordingly, <u>plaintiffs' motions are denied with respect to Hilco Interrogatory no. 14 and RFP nos. 2, 3, 4, and 37 and ACB Interrogatory no. 9 and RFP nos. 2, 3, 4, without prejudice</u> and may be renewed upon a better showing.

### D. Expert Witness Discovery (Hilco Interrogatory no. 4; ACB Interrogatory no. 5)

Plaintiffs seek information relating to all expert witnesses defendants intend to call at trial and the opinions those experts plan to offer. As noted above, case management dates have not yet been set in this case. Disclosure of expert witnesses and reports is routinely done on dates set by the trial court, or pursuant to Fed. R. Civ. P. 26(a)(2), 90 days before trial.

Accordingly, <u>plaintiff's motions as to Hilco Interrogatory no. 4 and ACB Interrogatory no. 5 are denied</u>.

### E. Discovery Related to Damages (Hilco Interrogatory no. 16; ACB Interrogatory no. 10; Hilco and ACB RFA nos. 1-9; Hilco and ACB RFP nos. 8, 19)

Plaintiffs seek information about defendants' net worth, and the production of financial statements and tax returns for the last three years and two years, respectively.

The FDCPA explicitly states that damages in a class action case may be calculated based on defendants' net worth. *See* 15 U.S.C. §1692k(a). Therefore, such information is relevant, and potentially useful in determining whether this case is appropriate for class certification.

Accordingly, <u>defendants are ordered to produce complete annual financial statements for the past three years, including, but not limited to, balance sheets, and profit and loss statements with notes.</u>[5] <u>Plaintiffs' motions to compel the production of tax returns are denied without prejudice</u> and may be renewed later upon a better showing.

//

//

---

[5] These disclosures will be subject to the stipulated protective order discussed below.

7

**F.     The "Recovery Agreement" (ACB RFP no. 22)**

In response to one or more of the discovery requests, defendants produced a "Recovery Agreement" between ACB and Hilco detailing the companies' business relationship. The document was heavily redacted before disclosure. Defendants claim they redacted the Agreement to protect confidential financial information and trade secrets—particularly, Hilco's work standards and arrangements with its contractor collection agencies.

Fed. R. Civ. P. 26(c)(7) states that a party may obtain a protective order to protect "trade secrets or other confidential research, development, or commercial information." To obtain a protective order based upon a trade secret, the party seeking protection "must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful." *Centurion Industries Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981). The burden then shifts to the party seeking the discovery to demonstrate that the information is relevant and "necessary to prepare the case for trial." *In re Remington Arms Co.. Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991). The court must then weigh the risk of disclosure of the trade secret to unauthorized parties with the risk that a protective order will impede prosecution or defense of the claims. *Id.* Once the moving party has established relevance and necessity, "'the discovery is virtually always ordered.'" *Compaq Computer Corp.*, 163 F.R.D. 329, 338 (N.D. Cal. 1995) (citing *Coca-Cola Bottling Co. v. Coca-Cola Co.*, 107 F.R.D. 288, 293 (D. Del. 1985)).

Actually, defendants have offered no evidence that the redacted information is a trade secret. Moreover, plaintiffs are not competitors of defendants, so with a stipulated protective order in place, there is virtually no risk that defendants' "secrets" will be disclosed. Moreover, the relationship between ACB and Hilco and the operating procedures included in the Agreement are directly relevant to this case, particularly whether defendants had in place procedures to ensure their compliance with the FDCPA. At the hearing, both parties represented that they are familiar with the standard Northern District of California protective order and willing to stipulate to such an order in this case. Accordingly, <u>the parties must have a</u>

protective order submitted for the court's approval within two weeks from the date of this order. Thereafter, defendants must produce an unredacted version of the Agreement.

### G.  Attorney-Client Privilege and the Work Product Doctrine

Defendants objected to numerous discovery requests on the basis of attorney-client privilege or the work product doctrine.[6]  If they in fact withheld discovery on these grounds, defendants must produce a privilege log detailing all such documents.  The log should conform to the guidelines set forth in the Federal Rules of Civil Procedure.  *See, e.g.,* FED. R. CIV. P. 26(b), advisory committee notes to 1993 amendments ("the party must provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection").

### H.  The Relationship Between Defendants (Hilco Interrogatory nos. 25, 27, 28; RFP nos. 13, 15, 25, 26; ACB Interrogatory nos. 22, 23, 24, 25; RFP nos. 13, 15)

Several discovery requests seek information about the relationship between the defendants and any documents and communications transmitted between defendants.

Hilco Interrogatory no. 25 and RFP nos. 13 and 15 and ACB Interrogatory nos. 22 and 23 and RFP nos. 13 and 15 seek all correspondence, documents, database entries or system notes that refer or relate to any communications between Hilco and ACB regarding plaintiffs and their debts.  Defendants represent that they have produced all information responsive to these requests.  Accordingly, plaintiffs' motions as to Hilco Interrogatory no. 25 and RFP nos. 13 and 15 and ACB Interrogatory nos. 22 and 23 and RFP nos. 13 and 15 are denied as moot.

Hilco Interrogatory no. 27 and RFP no. 26 and ACB Interrogatory no. 24 seek *all* communications between Hilco and ACB.[7]  This request is overly broad.  Only communications relating to either named plaintiffs, their debts, or collection letters like Exhibits B, D, and E are relevant and must be produced.  Since defendants represent that they have produced all responsive documents, plaintiffs' motions as to Hilco Interrogatory no. 27 and RFP no. 26 and ACB Interrogatory no. 24 are denied as moot.

---

[6] See ACB's response to RFP no. 18, in particular.

[7] ACB Interrogatory no. 24 is mistakenly identified in plaintiffs' moving papers as no. 25.

9

Hilco Interrogatory 28 asks defendants to describe the authority that Hilco gave to ACB to negotiate debts on its behalf.  <u>This question is relevant and defendants must respond</u>.

Hilco RFP no. 25 seeks copies of any insurance policies or indemnification agreements regarding Hilco and its debt collection activities, letter writing agreements and/or violations of the Fair Debt Collection Practices Act.  At the hearing, counsel for defendants represented that they have produced all responsive documents.  Accordingly, <u>plaintiffs' motion as to Hilco RFP no. 25 is denied as moot</u>.

One of the ACB RFP's seeks information on what percentage of ACB's debt collection activities are derived from Hilco and its related companies.[8]  <u>This request is relevant and ACB must respond</u>.

**I.     Operation Manuals, Memos and Procedures (Hilco and ACB RFP nos. 9, 10, 20, 21)**

These requests seek defendants' internal reports, memos, operation manuals and procedures on the use of the collection notices and related collection efforts, and any procedures meant to ensure compliance with the FDCPA.

ACB responds that these requests are vague and overly broad.  ACB is correct that the term "related collection efforts" is vague and perhaps irrelevant.  However, internal reports, memos, operation manuals and procedures on the use of the collection notices and how to ensure that those notices comply with the FDCPA are relevant to this case, particularly to the defendants' asserted good faith defenses.  Nonetheless, ACB represents that it does "not have any written documents reflecting procedures on how to draft letters which [do] not violate the FDCPA."  Accordingly, <u>plaintiffs motion as to ACB RFP nos. 9, 10, 20, 21 is denied as moot</u>.

Hilco responds to these requests stating that it does not perform debt collection activities and therefore has no such documents.  This response is evasive.  The mere fact that Hilco does not perform actual debt collection activities does not mean that it does not have procedures in

---

[8]This interrogatory was mistakenly numbered as the second "no. 23" in plaintiffs' first set of discovery requests.  In plaintiffs' moving papers, this request was identified as no. 24, which actually corresponds to a different request.  This interrogatory should properly be no. 25.

10

place regarding the use of debt collection letters and FDCPA compliance.[9] Accordingly, <u>Hilco must provide an amended response to Hilco RFP nos. 9, 10, 20 and 21</u>.

### J. Hilco and ACB RFP no. 1

According to plaintiffs' moving papers, defendants stated that the contract between Hilco and MNBA, another creditor, might be responsive to this discovery request but it has not yet been produced. However, at the hearing, counsel for defendants clarified that the relevant document was a contract between *plaintiff* and MNBA. Based on this representation, counsel for plaintiffs agreed not to pursue this request further.

### K. ACB's Correspondence With Plaintiffs (ACB RFP nos. 11 and 12)

These requests seek all documents transmitted by ACB or on ACB's behalf to both named plaintiffs. ACB represents that it has produced all responsive documents. Accordingly, <u>plaintiffs' motion as to ACB RFP nos. 11 and 12 is denied as moot</u>.

## IV. ORDER

Plaintiffs' motions to compel are granted in part and denied in part. The parties shall have a stipulated protective order filed with the court for approval no later than two weeks from the date of this order. Defendants are ordered to produce information and documents pursuant to this order no later than February 17, 2006.

**IT IS SO ORDERED.**

Dated: 1/27/06                                         /s/ Howard R. Lloyd
                                                      HOWARD R. LLOYD
                                                      UNITED STATES MAGISTRATE JUDGE

---

[9] Hilco's "Recovery Agreement" demonstrates that it in fact does have some such procedures in place.

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

| | |
|---|---|
| Brian Lewis Bromberg | brian@brianbromberg.com |
| Jeanine K. Clasen | jclasen@mpbf.com, npruitt@mpbf.com, jmueller@mpbf.com |
| June D. Coleman | jcoleman@mpbf.com, fwilson@mpbf.com |
| Mark Ewell Ellis | mellis@mpbf.com, lmiller@mpbf.com |
| Allison Amy Krumhorn | allison@caclawyers.com |
| Lance A. Raphael | lar@caclawyers.com |
| Ronald Wilcox | ronaldwilcox@post.harvard.edu |

* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 1/27/06

                /s/ RNR
Chambers of Magistrate Judge Lloyd