Mark E. Ellis - 127159
June D. Koper - 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 565-0300
Facsimile: (916) 565-1636

Attorneys for Defendants
ACB AMERICAN, INC., K. ROBESON AKA K. FRANCIS; AND HILCO RECEIVABLES, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH TREVINO and YADIRA RIOS, on behalf of themselves and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>ACB AMERICAN, INC., HILCO RECEIVABLES, LLC, B. MASTERS and K. FRANCIS,<br><br>Defendants. | Case No.: C05 00239 JF (HRL)<br><br>DEFENDANTS' RESPONSE TO MAGISTRATE LLOYD'S JANUARY 27, 2006 ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTIONS FOR DISCOVERY |

On January 27, 2006, after close of business, this Court issued an order directing the parties to meet and confer regarding the form of a protective order, and to file a proposed protective order with the Court within 2 weeks. Counsel for both parties had expressed that the parties would be willing to enter into a protective order in the form of the proposed protective order that the United States District Court for the Northern District of California has posted on its website.

In light of the parties' agreement to a protective order during oral argument regarding plaintiffs' motions to compel, before the Court issued its order, defendants corresponded with plaintiffs and transmitted a proposed protective order.

On January 31, 2006, Brian Bromberg, counsel for plaintiffs responded to the proposed protective order and agreed with all provisions other than the provisions related to experts, Paragraph

- 1 -

7.4. Mr. Bromberg objected to this optional section because it would "unduly complicate what should be a relatively simple and straightforward FDCPA case."

On February 7, 2006, defense counsel responded and insisted upon the inclusion of optional Paragraph 7.4. Defense counsel reasoned that defendants believed that plaintiffs "will be retainin[g] an expert to review some if not all of the documents subject to the protective order. Furthermore, in that most of plaintiffs' counsel [are located] out of state, defendants want to ensure that the provisions of the protective order are enforceable against anyone who breaches it. For [these] reason[s], defendants believe the additional provisions related to experts is necessary and defendants must insist that these provisions remain." Defendants are concerned that it might be difficult to enforce the protective order against an out-of-state expert.

On February 9, 2006, Mr. Bromberg responded with the following: "We have agreed to use the standard N.D. California protective order on-line -- that is, the form agreement without the 'optional' expert witness section."

On February 10, 2006, defense counsel clarified that there was no such agreement between the parties because the parties could not agree on Paragraph 7.4. Defense counsel further noted that defendants would be filing a proposed protective order to comply with the Court's order and expected that plaintiffs would as well given the Court's order.

Filed concurrently is defendants' proposed protective order. Defendants respectfully request that the Court sign this order.

Dated: February 11, 2006

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
June D. Koper
Attorneys for Defendants
ACB AMERICAN, INC., K. ROBESON AKA K. FRANCIS; AND HILCO RECEIVABLES, LLC

JDK.10308057.doc

- 2 -