*E-filed 2/17/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ELIZABETH TREVINO and YADIRA RIOS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

ACB AMERICAN, INC., HILCO RECEIVABLES, LLC, B. MASTERS and K. FRANCIS,

    Defendants.

Case No. C05-00239 JF (HRL)

ORDER RE: DEFENDANTS' REQUEST FOR CLARIFICATION OF DISCOVERY ORDER

### I. Background

On February 6, 2006, defendants filed two documents with the court: (1) "Defendants' Objections to Magistrate's January 27, 2006 Order . . . and Motion for De Novo Determination and Motion for Expansion of the Record," and (2) "Defendants' Request for Clarification as to Order Re: Motions to Compel or in the Alternative, Request for Permission to File Motion for Reconsideration." The court understood these filings represented defendants' (1) request to this court to "clarify" its January 27, 2006 discovery order, and, (2) in the alternative, objections to that order addressed to the trial court.

Specifically, defendants request clarification on three issues: (1) the intended temporal scope for the court's order that defendants provide information related to prior claims, litigation, and attorney demand letters; (2) whether the court's ruling with respect to Hilco Interrogatory

no. 24 should be changed in light of the fact that the court may have misunderstood defendants' representations about not having commenced litigation or arbitration against California debtors during the relevant time period; and (3) whether footnote 9 of the order constitutes a "factual determination," and if so, whether that factual determination is proper.

On February 9, 2006, the court issued an interim order setting a briefing schedule for these issues. Plaintiffs filed an opposition on February 9, 2006. Defendants filed a reply on February 15, 2006. Based on the papers submitted, the court issues the following order.

**II.  Discussion**

**A.  Temporal Scope for Defendants' Production of Discovery Related to Prior Claims**

Defendants note that while the court ordered production of some discovery related to prior claims, litigation, and attorney demand letter, the court did not set a temporal scope on the production (i.e. whether defendants must provide information on *all* prior claims, litigation, and attorney demand letters they have ever been involved in, or only information going back a certain number of years?). Plaintiffs respond that they do not oppose limiting this particular discovery to a five year period. Defendants agree to this compromise in their reply brief.

This specific issue was not brought to the court's attention prior to its issuance of the original discovery order. The discovery requests propounded by plaintiffs on this subject contained no temporal limitations. Neither party raised the issue in their briefing on the motion to compel or at oral argument. Defendants objected to the discovery requests only on relevance grounds, arguing that prior litigation was not relevant to the current action, but did not specifically object to the lack of a temporal limit. Accordingly, the court never considered this particular point when deliberating on the motion to compel. Thus, in requesting that the court "clarify" its order, defendants are actually raising an issue that they should have, but failed to, raise in their opposition to the motion to compel.

Accordingly, the court would ordinarily be disinclined to change its ruling. However, since both parties agree that five years is an acceptable time frame, the court modifies its prior ruling as follows: (1) in response to Hilco Interrogatory no. 3 and RFP nos. 22 and 23 and ACB RFP nos. 23 and 24, defendants must identify the caption, court, civil action number, result, and

2

name of plaintiff's attorney for all relevant litigations, claims, and FTC or other court or agency opinions that were filed or issued <u>within five years prior to the filing of this action</u>; (2) in response to Hilco RFP no. 24 and ACB RFP no. 25, defendants must provide the date of the letter, the name of the attorney, and the result for all relevant attorney demand letters received by defendants <u>within five years prior to the filing of this action</u>.

### B. Defendants Representations Relating to Hilco Interrogatory no. 24

Defendants inform the court that they did not intend to represent at oral argument that Hilco had not commenced litigation or arbitration against California debtors during the relevant time period. Because the court based its January 27, 2006 ruling denying as moot plaintiffs' motion respecting Hilco Interrogatory no. 24 on this assumption, the court modifies that ruling as follows: (1) the reference to this specific representation by Hilco shall be considered stricken from the order; and (2) plaintiffs' motion respecting Hilco Interrogatory no. 24 is granted, and Hilco is ordered to respond to that interrogatory.

### C. Footnote 9

Defendants express concern that the court made an improper factual determination in footnote 9 of its January 27, 2006 order. The footnote reads: "Hilco's 'Recovery Agreement' demonstrates that it in fact does have some such procedures in place [regarding the use of debt collection letters and FDCPA compliance]."

Plaintiff opposes modification to the footnote, arguing that defendants' attempt to "refashion" the court's language to support defendants' position is inappropriate.

Modification of this portion of the court's prior order is unnecessary. The court included this footnote *only* to explain the reasoning for its ruling on a particular discovery request. It was not intended to be a factual finding or determination on the issue of defendants' procedures, and the court's remark shall not be considered as such.

**IT IS SO ORDERED.**

Dated: 2/17/06

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**United States District Court**
For the Northern District of California

1  THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2

| | |
|---|---|
| Brian Lewis Bromberg | brian@brianbromberg.com |
| Jeanine K. Clasen | jclasen@mpbf.com, npruitt@mpbf.com, jmueller@mpbf.com |
| June D. Coleman | jcoleman@mpbf.com, fwilson@mpbf.com |
| Mark Ewell Ellis | mellis@mpbf.com, lmiller@mpbf.com |
| Allison Amy Krumhorn | allison@caclawyers.com |
| Lance A. Raphael | lar@caclawyers.com |
| Ronald Wilcox | ronaldwilcox@post.harvard.edu |

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  2/17/06

             /s/ RNR
            Chambers of Magistrate Judge Lloyd

4